Johnnie OVERALL, Movant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 37378.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 24, 1976.

Rita Montgomery, Whitfield, Montgomery & Walton, St. Louis, for appellant.

John C. Danforth, Preston Dean, W. Mitchell Elliott, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Michael L. Sullivan, Asst. Circuit Atty., St. Louis, for respondent.

PER CURIAM.

A jury found petitioner guilty of robbery first degree. He was sentenced under the Second Offender Act to 20 years imprisonment. Petitioner subsequently filed a motion under Rule 27.26. In the motion it was contended that petitioner was (1) denied effective assistance of counsel; (2) was denied due process because he was "rused to trial" although the court was informed by petitioner that counsel had not investigated the case; (3) the court was without jurisdiction to impose sentence under the Second Offender Act because the court failed to find that he had "been imprisoned, fined, paroled or placed upon probation" for the prior crime; and (4) that petitioner was deprived of the right to have a jury to determine his punishment. The motion was amended to also allege that petitioner's rights under the 5th and 14th Amendments to the Constitution of the United States were violated because the prosecutor in closing argument referred to petitioner's failure to testify.

An evidentiary hearing was held at which petitioner was represented by counsel. The only issue presented to the court was the question of ineffective assistance of counsel. The court made findings of fact and conclusions of law and denied the motion.

Regrettably, we are once again required to dismiss an inadequate appellate brief.

A proceeding under Rule 27.26 is a civil proceeding and the brief on appeal is required to conform to the simple requirements of Rule 84.04.

Rule 84.04(c) provides:

"*Statement of Facts.* The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a resume of the testimony of each witness relevant to the points presented."

Ancillary to Rule 84.04(c) is 84.04(h) which reads as follows:

"*Page References in Briefs.* All statements of fact and argument shall have specific page references to the transcript on appeal, or if the transcript is printed, to the printed transcript."

The single page denominated "Statement of Facts" is wholly inadequate. It is merely a history of the case. It contains none of the facts that would be relevant to the issues sought to be raised. It does not contain one reference to the transcript of the hearing held with respect to petitioner's motion.[1]

The facts upon which the trial court made its determination are indispensable to our review. *Devoy v. Devoy,* 502 S.W.2d 428 (Mo.App.1973).

The argument further compounds the deficiencies of the brief. There is but one reference to the transcript of the hearing on the motion. This is found under the issue of ineffective assistance of counsel. Under the other points there is not one reference to the transcript of the hearing on the motion. The arguments under those points contain two references to the transcript of the original trial. That transcript was not presented to the trial court in this proceeding, nor is it before us for our consideration.

We can no longer tolerate gross inadequacy in appellate briefs.

The appeal is dismissed.

All Judges concur.

---

1. "B. STATEMENT OF FACTS

This cause was instituted by a substitute information in lieu of an indictment consisting of Two Counts. Count I charged the movant-appellant with Robbery First Degree By Means of a Dangerous and Deadly Weapon by taking from one, John G. McCall, $50.00 on the 24th day of August, 1973. Count II charged movant-appellant with Assault with Intent to Kill with Malice upon one Ronald Grob, by discharging a pistol in the direction of Ronald Grob on the 24th day of August. The substitute information also charged defendant with two prior convictions of felonies, which the Court found outside the hearing of the jury. The defendant was represented throughout the trial by Assistant Public Defender, Frederick Buckles, of the St. Louis Public Defender Bureau. The trial began on January 29, 1974 before the Honorable Daniel T. Tillman, Judge of the Circuit Court of the City of St. Louis, State of Missouri, and a jury.

The defendant did not produce any evidence and the case was submitted to the jury on both Counts. The jury returned a verdict of guilty of Count I, but were unable to reach a decision on Count II and the Court declared a mistrial as to Count II. Defendant's Motion for a New Trial was denied and the Court sentenced the defendant to 20 years imprisonment. Defendant was permitted to appear on a Motion 27.26 to vacate judgment, order and decree of a twenty year sentence this Court heretofore entered in cause number 73–2325. The Court overruled the defendant's motion 27.26. Movant is now appealing the Circuit Court's overruling of defendant's Motion 27.26."