**Robert SIMMONS, Plaintiff–Appellant,**

v.

**LAWRENCE COUNTY JAIL, et al., Defendants–Respondents.**

**No. 21261.**

Missouri Court of Appeals,
Southern District.
Division Two.

July 7, 1997.

Plaintiff–Appellant, Jefferson City, pro se.

Robert E. George, Prosecuting Attorney, Matt A. Selby, Asst. Prosecuting Attorney, Mt. Vernon, for defendants–respondents.

MONTGOMERY, Chief Judge.

On May 6, 1996, Plaintiff filed a "Petition in Replevin" against certain Lawrence County Jail officials alleging that they unlawfully "seized" $316.90 of his money. Subsequently, the trial court sustained Defendants' motion to dismiss for failure to state a cause of action. Plaintiff appeals *pro se*.

■ Plaintiff's brief consists of eight pages. His statement of facts is essentially a one-paragraph, single-page recitation of the procedural history of his case. Plaintiff's lone point relied on is equally deficient.

The requirements for an appellant's brief are found in Rule 84.04.[1] Pertinent portions of the rule are:

(c) The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a resume of the testimony of each witness relevant to the points presented.

(d) The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder....

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

The primary purpose of the statement of facts is "to afford an immediate, accurate, complete and unbiased understanding of the facts of the case...." *Wipfler v. Basler*, 250 S.W.2d 982, 984 (Mo.1952). In *Overall v. State*, 540 S.W.2d 637 (Mo.App.1976), the appellant's statement of facts was merely a history of the case. It contained none of the facts relevant to the issues sought to be raised. In dismissing the appeal for violation of Rule 84.04(c), the court said that "[w]e can no longer tolerate gross inadequacy in appellate briefs." *Id.* at 638. Here, Plaintiff's statement of facts suffers from the same deficiency as that found in *Overall*.

■ Plaintiff framed his point relied on as follows:

The motioned court plainly erred in sustaining defendant's motion to dismiss ap-

1. Rule references are to Missouri Court Rules, Volume I (1997).

pellant's petition for replevin, thereby denying appellant his right to due process of law, and possession of his property, that was illegally seized by the defendant's, in the form of three hundred and sixteen dollars and ninety cents, United States currency. As guaranteed by the Fourth, and Fourteenth amendments to the United States Constitution and Articles I, Sect. 15; Article I, Sect. Of the Missouri Constitution.

This point violates Rule 84.04(d) for failure to state wherein and why dismissal of his petition was erroneous. The three components of a point relied on are:

(1) a concise statement of the challenged ruling of the trial court,

(2) the rule of law which the court should have applied (the *why* of Rule 84.04(d)), and

(3) the evidentiary basis upon which the asserted rule is applicable (the *wherein* of Rule 84.04(d)).

*Estate of Goslee*, 807 S.W.2d 552, 555–56 (Mo.App.1991). Plaintiff's point only complies with requirement (1).

The requirements of Rule 84.04(d) are mandatory, *Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo.App.1988), and points which violate that rule preserve nothing for review. *Midwest Materials Co. v. Village Dev. Co.*, 806 S.W.2d 477, 483 n. 1 (Mo.App. 1991).

Plaintiff is entitled to appeal his case, but he is bound "by the same rules of procedure as those admitted to practice law and is entitled to no indulgence [he] would not have received if represented by counsel." *Johnson v. St. Mary's Health Center*, 738 S.W.2d 534, 535 (Mo.App.1987).

As shown, Plaintiff's brief fails to comply with Rule 84.04(c) and (d). Allegations of error not properly briefed "shall not be considered in any civil appeal. . . ." Rule 84.13(a).

Appeal dismissed.

SHRUM and BARNEY, JJ., concur.