**STATE of Missouri, Respondent,**

v.

**Clyde Rick WEST, Appellant.**

No. 20386.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 4, 1997.

Motion for Rehearing or Transfer
Denied Sept. 3, 1997.

George H. Huber, Vandalia, IL, for appellant.

No appearance for respondent.

MONTGOMERY, Chief Judge.

After waiving a jury trial, Clyde Rick West (Appellant) was convicted by the trial court of sexual misconduct in the first degree in violation of § 566.090.[1] The court sentenced Appellant to serve one year in the Taney County jail and fined him $1,000. Appellant attempts to raise five points on appeal challenging his conviction and sentence. We dismiss the appeal.

■ Appellant demonstrates a blatant disregard for the briefing requirements of Rule 30.06.[2] Specifically, he ignores this rule's requirements for the statement of facts and points relied on in an appellant's brief.

Rule 30.06 requires the brief for an appellant in a criminal case to contain, among other things, a statement of facts. Rule 30.06(c) requires the statement of facts to be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statements may be followed by a resume of the testimony of each witness relevant to the points presented.

Because of its brevity and to illustrate its lack of relevant information, we set forth Appellant's "Statement of Facts" in its entirety:

> [Appellant] is an entertainer and was on May 2nd, 1995. He had a theater on the Shepard of the Hills Expressway known as the White River Theater near Branson, Missouri.

He was first charged in CR 895–558M with 2 counts of Sexual Abuse, being 2 Class B misdemeanors. Section 566.120—Sexual Abuse in the Third Degree. Thereafter, an amended information charging violation of section 566.090, RSMO a Class A misdemeanor, sexual misconduct in the first degree this being filed immediately prior to trial. The Court stated that the fine was the same and also a possible year in jail.

The complaining witness testified that [Appellant] pushed down her shirt and "went like this with his finger." He did not arouse the complaining witness sexually did not unzip his trousers, did not touch any of her genitals and made no proposition for sex. (p53)

■ This jumbled statement of facts violates Rule 30.06(c) because Appellant fails to set forth relevant facts which afford this Court any meaningful understanding of the facts of the case.[3] The State's evidence consisted of the victim's testimony covering 46 pages of the transcript. Appellant and his mother testified in his defense. Their testimony covers approximately 36 pages of the transcript. Appellant's statement of facts provides us with two sentences relating to the trial testimony. Obviously, the evidence presented at trial is not available to us unless we resort to the largely unreferenced transcript.

■ The primary purpose of the statement of facts is "to afford an immediate, accurate, complete and unbiased understanding of the facts of the case...." *Wipfler v. Basler,* 250 S.W.2d 982, 984 (Mo.1952). Appellant's fact statement totally fails in this regard. In *Overall v. State,* 540 S.W.2d 637 (Mo.App.1976), the appellant's statement of facts was merely a history of the case. It contained none of the facts relevant to the issues sought to be raised. In dismissing the

---

1. Statutory references are to RSMo 1994, unless otherwise noted.

2. Rule references are to Missouri Rules of Court (1996), unless otherwise stated.

3. Briefing principles applicable to civil cases apply to criminal cases, even though the rules governing appellate briefs are separately stated in Rules 84.04 and 30.06. *State v. Wright,* 934 S.W.2d 575, 582 n. 5 (Mo.App.1996).

appeal for violation of Rule 84.04(c), the court said that "[w]e can no longer tolerate gross inadequacy in appellate briefs." *Id.* at 638. Here, Appellant's statement of facts suffers from the same deficiency as that found in *Overall.*

Rule 30.06(d) governs an Appellant's points relied on and states in pertinent part:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous with citations of authority thereunder.

Under a heading labeled "Issues Presented for Review," Appellant attempts to raise five points on appeal.[4] We set forth Appellant's "issues" verbatim:

a) Was the court correct in proceeding immediately to trial upon the filing of an amended charge instanter.

b) Was the sentence the same as the trial judge indicated? That is, did the two Class B misdemeanors equate to a Class A?

c) Did the Defendant knowingly waive his rights to a jury trial.

d) Did the evidence at trial support a finding of guilt beyond a reasonable doubt?

e) Is the maximum sentence an appropriate sentence?

 Three things are required to comply with Rule 30.06(d) regarding points relied on. Those requirements are (1) a statement of the action or ruling complained of; (2) why the ruling was erroneous; and (3) wherein the evidence or other matter supports the position the party asserts the trial court should have taken. *State v. Rabe,* 870 S.W.2d 453, 455 (Mo.App.1994). "An insufficient point preserves nothing for review." *Id.*

 None of Appellant's "issues" complies with 30.06(d). Because they are framed in the form of questions, Appellant's "issues" fail to state what actions or rulings of the trial court are sought to be reviewed. Fur-

thermore, all fail in attempting to demonstrate "wherein and why" the trial court's actions might be erroneous. "Merely stating what the alleged errors are, [assuming a question does that] without stating why they are errors, does not satisfy the requirements of the rule and preserves nothing for review." *State v. Berry,* 916 S.W.2d 389, 397 (Mo.App.1996).

 In addition, Appellant fails to cite a single authority in support of his "issues" as required by Rule 30.06(d). "When an appellant cites no authority and offers no explanation why precedent is unavailable, appellate courts consider the point waived or abandoned." *State v. Conaway,* 912 S.W.2d 92, 94 (Mo.App.1995).

 Because this is a serious case, we would be inclined to resort to the argument portion of the brief and review the "issues" for plain error pursuant to Rule 30.20. However, the overall poor quality of Appellant's brief makes plain error review impossible. As in the "issue" portion of his brief, Appellant also fails to cite a single authority in the entire argument portion of his brief. He simply makes bald assertions, unsupported by references either to the evidence presented at trial or to any case law. Furthermore, Appellant fails to make any argument relating to "issues" labeled (c) and (e).

 The deficiencies in Appellant's brief prevent us from attempting plain error review. It is not the duty of this Court to become an advocate for the Appellant and comb through the entire record for error. *Thompson v. Thompson,* 786 S.W.2d 891, 892 (Mo.App.1990). Accordingly, this appeal is dismissed.

SHRUM and BARNEY, JJ., concur.

---

4. We can only assume Appellant's attorney is either unfamiliar with or ignores Rule 30.06(a) which clearly states that an appellant's brief shall contain "points relied on," not "Issues Presented for Review."