**Rodney Harlin CARROLL,**
**Plaintiff–Appellant,**

v.

**AAA BAIL BONDS, Carl Lowrance,**
**Jon Morris, Marilyn Kneedler,**
**Defendants–Respondents.**

No. 22945.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 9, 1999.

Rodney Harlin Carroll, pro se.

**PHILLIP R. GARRISON, Chief Judge.**

Rodney Harlin Carroll ("Plaintiff") appeals from the trial court's dismissal of his suit for failure to state a claim. In his lawsuit, Plaintiff alleged that AAA Bail Bonds through its agent, Carl Lowrance, breached a verbal contract to provide a bond pending his appeal in a criminal case, and that Jon Morris and Marilyn Kneedler tortiously interfered with the alleged contract. We dismiss the appeal for failure to comply with Rule 84.04.[1]

■ Plaintiff appears pro se. Nevertheless, he is held to the same standard with respect to the proceeding as a party represented by a licensed attorney. *Maroney v. Maroney*, 953 S.W.2d 644, 645 (Mo.App. S.D.1997). As explained in *Sutton v. Goldenberg*, 862 S.W.2d 515 (Mo. App. E.D.1993):

> While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. *Brown v. City of St. Louis*, 842 S.W.2d 163, 165 (Mo.App. E.D.1992). It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.

*Id.* at 517.

■ Rule 84.04(c) provides that the statement of facts in an appellant's brief "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." An appellant has the duty to define the scope of the controversy by stating the facts fairly and concisely. *Chopin v. American Auto. Ass'n of Missouri*, 969 S.W.2d 248, 251 (Mo.App. S.D.1998). The purpose of the statement of facts is to afford an immediate, accurate, complete, and unbiased understanding of the facts of

the case. *Haynes Family Corp. v. Dean Properties, Inc.*, 923 S.W.2d 465, 466–467 (Mo.App. S.D.1996).

■ The statement of facts in Plaintiff's brief does not clearly and succinctly present the facts necessary to determine whether Plaintiff has made a submissible claim for either breach of contract or tortious interference with contract. Plaintiff's two-and-a-half-page statement of facts is comprised solely of an outline of the case's procedural history, multiple references to the legal file, and several abstract statements asserting that a submissible claim was made and damages were requested. A statement of facts containing practically no facts relating to any issue raised on appeal does not comply with Rule 84.04(c). *Mease v. McGuire*, 886 S.W.2d 654, 655 (Mo.App. S.D.1994). Failure to substantially comply with Rule 84.04(c) preserves nothing for appellate review. *Riley v. Hartman*, 981 S.W.2d 159, 160 (Mo.App. S.D.1998).

■ Plaintiff's brief also fails to provide a coherent point relied on. Rule 84.04(d) provides that a point relied on in an appellant's brief shall "(A) identify the trial court ruling or action the appellant challenges; (B) state concisely the legal reasons for appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." The requirements of Rule 84.04(d) are mandatory. *Simmons v. Lawrence County Jail*, 948 S.W.2d 242, 244 (Mo.App. S.D.1997).

■ Defendant framed his point relied on as follows:

> The trial court errored [sic] in denying W/O Prejudice petitioners Claim For Damages because petitioners claim for damages DOES state a claim for Breach of Contract and Tortious interference with a contract and petitioners claim is a short and plain statement of the facts

---

1. All rule references are to Missouri Rules of Civil Procedure (1999) unless otherwise indi-

cated.

showing that the pleader is entitled to relief and a demand for Judgement for the relief which the pleader claims to be entitled with supporting allegations attached to Claim for Damages.

Plaintiff's point relied on is simply an abstract statement of law, and "[a]bstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4). *See also Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo.App. E.D.1999). If we attempt to interpret Plaintiff's point as stated, the Court will be forced to act as an advocate for Plaintiff, which we cannot do. *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978); *Myrick v. Eastern Broadcasting, Inc.*, 970 S.W.2d 885, 886 (Mo.App. S.D.1998).

▮▮▮ The argument portion of Plaintiff's brief also fails to comply with Rule 84.04(e). The text of the argument is written in such a manner that it does not sufficiently advise the court of the contentions asserted or the merit thereof. Each paragraph sets out one or more separate propositions and no attempt is made to relate the matter from one paragraph to another into a cohesive argument. An argument should show how the principles of law and the facts of the case interact. *State v. Jones*, 786 S.W.2d 926, 928 (Mo. App. W.D.1990). It is not our duty or responsibility to spend judicial time searching through the argument portions of briefs in an attempt to interpret the thrust of Plaintiff's contentions. *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 516 (Mo.App. E.D.1998).

Plaintiff's statement of facts, point relied on, and argument cause his brief to "fall[ ] far short of compliance with Rule 84.04." *Brancato v. Wholesale Tool Co., Inc.*, 950 S.W.2d 551, 555 (Mo.App. E.D.1997). Accordingly, we dismiss the appeal.

MONTGOMERY, P.J., and BARNEY, J. – concur.