**STATE of Missouri, Appellant,**

v.

**Orville BRADLEY, Respondent.**

No. 22977.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 13, 2000.

Darrell L. Moore, Pros. Atty., Greene County, Springfield, for appellant.

Jerry L. Reynolds, Ronald A. Conway, Reynolds & Conway, P.C., Springfield, for respondent.

Before MONTGOMERY, P.J., GARRISON, C.J., and BARNEY, J.

PER CURIAM.

The State appeals from a judgment dismissing a misdemeanor information against Defendant Orville Bradley. The instant appeal is allowed by § 547.210, RSMo 1994. *See State v. Stein*, 876 S.W.2d 623, 625 (Mo.App.1994) (noting that state can appeal when an indictment or information is adjudged insufficient).

The statement of facts in the State's brief is grossly inadequate for ap-

defendant obtained direct financial benefit from activities in the state of Missouri.

pellate review of whether the trial court improperly dismissed the information. Rule 30.06[1] requires the brief for an appellant in a criminal case to contain, among other things, a statement of facts. Rule 30.06(c) requires the statement of facts to be a fair and concise statement of the facts relevant to the questions presented for determination without argument.

The statement of facts in this case consists of two brief paragraphs (plus one sentence) reciting the procedural history of the case. The first paragraph reveals that Defendant was charged by misdemeanor information "with the criminal offense of violating Sections 64.211 to 64.295, RSMo and Greene County Zoning Regulations and Article III Sections 1, 2, 3 and Article VIII, Sections 1, 2 and 3 of the Greene County Zoning Regulations." The second paragraph essentially states that the trial court sustained Defendant's motion to dismiss.

These facts are insufficient to allow any meaningful understanding of the State's claim of error. This Court is left in the dark as to the nature of the alleged crime committed and the basis of Defendant's motion to dismiss. To obtain the relevant facts, we would be required to diligently search the record. It is not the duty of this Court to become an advocate for the appellant and comb through the entire record searching for the basis of claimed error. *State v. West*, 952 S.W.2d 713, 715 (Mo.App.1997).

The primary purpose of the statement of facts is "to afford an immediate, accurate, complete and unbiased understanding of the facts of the case...." *Wipfler v. Basler*, 250 S.W.2d 982, 984 (Mo.1952).[2] The instant statement of facts totally fails to accomplish that purpose.

1. Rule references are to Missouri Court Rules (1999), unless otherwise indicated.

2. Briefing principles applicable to civil cases apply to criminal cases, even though the rules

In *Overall v. State*, 540 S.W.2d 637, 638 (Mo.App.1976), the statement of facts was only a history of the case and contained none of the facts relevant to the issues raised. *Id.* The court said, "The facts upon which the trial court made its determination are indispensable to our review." *Id.* The court dismissed the appeal after stating that "gross inadequacy in appellate briefs" would no longer be tolerated. *Id.*

Here, as in *Overall*, the statement of facts is only a procedural history of the case. It does not contain facts necessary for our determination of whether the trial court properly dismissed the information.

The appeal is dismissed.

governing appellate briefs are separately stated in Rules 84.04 and 30.06. *State v. Wright*, 934 S.W.2d 575, 582 n. 5 (Mo.App.1996).