George BROWN, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 25266.

Missouri Court of Appeals,
Southern District,
Division One.

April 9, 2003.

George Brown, Jr., Jefferson City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anne E. Edgington, Asst. Atty. Gen., for respondent.

KERRY L. MONTGOMERY, Presiding Judge.

George Brown, Jr. (Brown) appeals the denial of his Rule 29.07(d) motions. He presents three points on appeal.

On September 1, 1998, Brown was charged by information filed in Case No. CR298–548F in the Circuit Court of New Madrid County with receiving stolen property, a class C felony. On October 13, 1998, Brown entered a plea of guilty to the charge and was sentenced to confinement for a term of six years. The trial court told Brown he would be considered for release during his first 120 days' confinement as permitted by § 559.115.2, RSMo 2000. Brown was ordered to report to the New Madrid Sheriff's Office on January 2, 1999. He did not report.

On January 26, 1999, Brown appeared before the trial court, and he was ordered to be transported to the department of corrections. The trial court told Brown the "order for 120–day release consideration" would be rescinded.

These are the only facts appearing in Brown's statement of facts.[1] The issues raised by Brown on this appeal relate to a motion and an amended motion to withdraw guilty plea filed pursuant to Rule 29.07(d). These motions were filed on November 6, 2002, and November 14, 2002, respectively, and each motion was denied by the trial court. Brown's statement of facts is devoid of any information relating to his Rule 29.07(d) motions or any court proceedings in connection with either motion.

Rule 30.06 requires the brief for an appellant in a criminal case to contain, among other things, a statement of facts.[2] Rule 30.06(d) requires the statement of facts to "be prepared as provided in Rule 84.04."[3] The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. *State v. West,* 952 S.W.2d 713, 714 (Mo.App. 1997).

Brown's statement of facts fails to provide this Court with any facts relating to the issues he presents on the denial of his Rule 29.07(d) motion. In *Overall v. State,* 540 S.W.2d 637 (Mo.App.1976), the appellant's statement of facts was merely a history of the case. It contained none of the facts relevant to the issues sought to be raised. In dismissing the appeal, the court said that "[w]e can no longer tolerate gross inadequacy in appellate briefs." *Id.* at 638. In this case, Brown's statement of facts suffers from the same deficiency as that found in *Overall.* Failure to substantially comply with Rule 30.06 preserves nothing for appellate review. *Nenninger,* 872 S.W.2d at 589.

This Court cannot undertake plain error review in the absence of a record which would allow meaningful review. The record on appeal should contain

1. Although Brown is proceeding pro se, he is bound by the same rules of procedure as an attorney. *State v. Nenninger,* 872 S.W.2d 589, 590 (Mo.App.1994).

2. Rule references are to Missouri Court Rules (2002).

3. Rule 84.04(c) provides that the "statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument."

all of the record, proceedings, and evidence necessary to a determination of all issues being presented to the appellate court for decision. *State v. McElroy,* 894 S.W.2d 180, 190 (Mo.App.1995). Brown's record on appeal, in pertinent part, contains only his motions and the trial court's denial of each. Accordingly, this appeal is dismissed.

GARRISON and BARNEY, JJ., concur.