

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

LATICE HICKS,                          )
                                       )
             Appellant,             )
                                       )
v.                                     )       WD85135
                                       )
SAINT LUKE'S                           )       Opinion filed:  November 29, 2022
NORTHLAND-SMITHVILLE,                  )
                                       )
             Respondent.            )

**APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**
**THE HONORABE SHANE T. ALEXANDER, JUDGE**

Division One:  W. Douglas Thomson, Presiding Judge,
Alok Ahuja, Judge and Edward R. Ardini, Jr., Judge

Latice Hicks ("Hicks") appeals from the judgment ("Judgment") of the Circuit Court of Clay County ("trial court") granting Saint Luke's Northland-Smithville's ("Saint Luke's") motion for summary judgment on her claims of workers' compensation retaliation under the Missouri Workers' Compensation Law and hostile work environment under the Missouri Human Rights Act.  Because Hicks' brief fails to substantially comply with the briefing requirements of Rule 84.04, her appeal is dismissed.[1]

---

[1] All rule references are to Missouri Supreme Court Rules (2022).

**Factual and Procedural History**

In 2011, Hicks began working as a Licensed Practical Nurse at Saint Luke's. After that position was eliminated, she transitioned to the role of Behavioral Health Technician for a short time near the end of her employment. In November of 2015 and March of 2016, Hicks sustained work-related injuries requiring medical treatment and time away from work. Eventually, Saint Luke's terminated Hicks' employment in June of 2016, due to her failure to return to work or find an alternative position within the Saint Luke's Health System within a forty-five-day time period, pursuant to Saint Luke's employment policies. In June of 2017, Hicks filed the present Petition for Damages ("Petition") against Saint Luke's, alleging claims of hostile work environment, race discrimination, and worker's compensation retaliation. Saint Luke's denied all allegations in Hicks' Petition pertaining to each claim and asserted a separate counterclaim against Hicks for malicious prosecution. Thereafter, Saint Luke's moved for summary judgment as to all of Hicks' claims and its counterclaim. On January 4, 2022, the trial court entered its Judgment granting summary judgment to Saint Luke's on all of Hicks' claims and also as to the counterclaim asserted by Saint Luke's. Hicks now appeals the trial court's summary judgment ruling as to her claims of hostile work environment and workers' compensation retaliation.[2]

---

[2] Hicks does not appeal the grants of summary judgment in Saint Luke's favor on her claim of race discrimination or on Saint Luke's malicious prosecution counterclaim.

## Rule 84.04 Briefing Deficiencies

Numerous deficiencies in violation of Rule 84.04 are contained within Hicks' brief. As a result, we are unable to reach the merits of this appeal.

The importance of adhering to briefing requirements has been explained as follows:

> When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

*Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022) (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). Further,

> "[c]ompliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." "An appellant's failure to substantially comply with Rule 84.04 preserves nothing for our review and constitutes grounds for dismissal of the appeal." "This is particularly true where, as here, we cannot competently rule on the merits of [the Appellants'] argument without first reconstructing the facts . . . and then refining and supplementing [their] points and legal argument."

*Sharp v. All-N-One Plumbing*, 612 S.W.3d 240, 244 (Mo. App. W.D. 2020) (second and third alterations in original) (internal citations omitted) (internal quotations omitted) (quoting *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018)).

"Although this Court prefers to reach the merits of a case, excusing technical deficiencies in a brief, it will not consider a brief 'so deficient that it fails to give notice

3

to this Court and to the other parties as to the issue presented on appeal.'" *Lexow*, 643 S.W.3d at 505 (quoting *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc 1998)). This is because "Rule 84.04 is not merely an exhortation from a judicial catechism nor is it a suggestion of legal etiquette." *Shockley v. State*, 579 S.W.3d 881, 917 n.9 (Mo. banc 2019) (citation omitted). Indeed, as the Missouri Supreme Court has recently reminded us, "[t]he appellate courts' continued reiteration of the importance of the briefing rules without enforcing any consequence 'implicitly condones continued violations and undermines the mandatory nature of the rules.'" *State v. Minor*, 648 S.W.3d 721, 728-29 (Mo. banc 2022) (quoting *Alpert v. State*, 543 S.W.3d 589, 601 (Mo. banc 2018) (Fisher, J., dissenting)). We begin by addressing the deficiencies found with her Points Relied On.

**Points Relied On**

The Points Relied On are an integral component of an Appellant's brief. "'The function of [points relied on] [are] to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.'" *Id.* at 727 (first alteration in original) (quoting *Lexow*, 643 S.W.3d at 505). "A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Lexow*, 643 S.W.3d at 505 (citation omitted). Rule 84.04(d)(1) states that each point shall:

(A) Identify the trial court ruling or action that the appellant challenges;

4

(B) State concisely the legal reasons for the appellant's claim of reversible error; and

(C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The Rule provides a specific template of the form to which points must substantially adhere:

> The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Rule 84.04(d)(1). "'A point relied on which does not state "wherein and why" the trial court . . . erred does not comply with Rule 84.04(d) and preserves nothing for appellate review.'" *Lexow*, 643 S.W.3d at 505 (quoting *Storey v. State*, 175 S.W.3d 116, 126 (Mo. banc 2005)).

> Here, Hicks brings two points on appeal, which state:
>
> I. The trial court erred in granting summary judgment in favor of Respondent on Appellant's claim for suffering injuries on the job as an employee, which were protected from discrimination.
>
> [and]
>
> II. The trial court erred in granting summary judgment in favor of Respondent on Appellant's claim of retaliation in that Respondent forced Appellant to return to work before she had been released to return to work.

Hicks' first Point Relied On fails to conform to the template outlined in Rule 84.04(d)(1), stating neither the legal reason for her claim of reversible error nor why such legal reason, in the context of the case, supports her claim. Her second Point Relied On also fails to state any legal reason for her claim of reversible error. Accordingly, we are left to speculate *what* legal reason Hicks relies upon in seeking

5

the reversal of the trial court's actions. Further, we are left to speculate *how* such legal reason supports the claim of reversible error. This, we cannot do. "It is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Boyd v. Boyd*, 134 S.W.3d 820, 823 (Mo. App. W.D. 2004) (citation omitted). ""An appellate court's role is to review specifically challenged trial court rulings, not to sift through the record to detect possibly valid arguments."" *Geiler v. Liberty Insurance Corp.,* 621 S.W.3d 536, 547 (Mo. App. W.D. 2021) (quoting *TracFone Wireless, Inc. v. City of Springfield*, 557 S.W.3d 439, 445 (Mo. App. S.D. 2018)).

> "This narrow role reflects the interwoven policy interests governing appellate review, including the reviewing court's duty not to act as advocate for any party; the efficient use of judicial resources; notice and fairness to the parties; judicial decision-making based on fully-briefed issues; and the law's preference for finality of judgments."

*Id.* (quoting *TracFone Wireless, Inc.*, 557 S.W.3d at 445).

Here, neither of Hicks' Points Relied On state "wherein and why" the trial court erred, failing to identify what legal reasons she relies upon in seeking reversal of the trial court's ruling and how those legal reasons support the claim of reversible error. Such failures are fatal to her points. *See Lexow*, 643 S.W.3d at 505. "Moreover, [her] failure to challenge the articulated grounds for the trial court's ruling is fatal to [her] appeal." *Geiler*, 621 S.W.3d at 547 (citation omitted). "The failure of the appellant to satisfy Rule 84.04(d), with respect to a proper point relied on, is a sufficient basis for us to dismiss [her] . . . point[s] on appeal." *Boyd*, 134 S.W.3d at 823 (citation omitted); *see also Nicol v. Nicol*, 491 S.W.3d 266, 270 (Mo. App. W.D. 2016) ("A point

relied on that does not comply with the mandatory requirements of Rule 84.04(d) preserves nothing for our review and is grounds to dismiss.") (citations omitted).

This Court will frequently exercise its discretion to overlook technical deficiencies in an appellant's points relied on, where the argument section of the brief clarifies the appellant's claim of error. *See, e.g., Jacoby v. Hamptons Cmty. Ass'n, Inc.*, 602 S.W.3d 869, 872 (Mo. App. E.D. 2020) (despite technical defects in Point Relied On, "[b]ecause we understand Appellants' arguments as elaborated in the argument portions of their brief, we exercise our discretion to proceed in our review"); *Revis v. Bassman*, 604 S.W.3d 644, 651 (Mo. App. E.D. 2020); *Librach v. Librach*, 575 S.W.3d 300, 308 (Mo. App. E.D. 2019). As explained below, however, the argument section of Hicks' brief does nothing to clarify the specific trial court rulings she challenges, or the legal grounds for her challenges. Hicks' appeal is subject to dismissal as a result of the insufficient points relied upon.[3]

**Statement of Facts**

Hicks' statement of facts is also deficient. In relevant part, Rule 84.04(c) requires that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination" and "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." "'The primary purpose of the statement

---

[3] Further, Rule 84.04(d)(5) requires that "[i]mmediately following each 'Point Relied On,' the appellant . . . shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." "[F]ail[ure] to comply with this requirement, leav[es] this Court to speculate as to the pertinent authority." *Murphree v. Lakeshore Estates, LLC*, 636 S.W.3d 622, 625 (Mo. App. E.D. 2021). Here, Hicks does not include a list of cases or any other authority after either of her Points Relied On as required by Rule 84.04(d)(5), leaving us to further speculate why she seeks reversal.

of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case.'" *Acton v. Rahn*, 611 S.W.3d 897, 901 (Mo. App. W.D. 2020) (quoting *Lattimer v. Clark*, 412 S.W.3d 420, 422 (Mo. App. W.D. 2013)). "'Failure to substantially comply with Rule 84.04(c) preserves nothing for review.'" *Sharp*, 612 S.W.3d at 245 (quoting *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 217 (Mo. App. S.D. 1999)).

Here, Hicks' statement of facts focuses *solely* on her medical and treatment history for the work-related injuries at issue, failing to discuss any procedural facts relevant to the questions presented for determination. In particular, she fails to include those facts within Saint Luke's Motion for Summary Judgment's Statement of Material Facts, all of which were either admitted or deemed admitted by Hicks. Accordingly, no discussion of important facts such as Saint Luke's leave policies, Hicks' leave history, or Hicks' failure to apply for an alternative position or return to work within the forty-five days provided by Saint Luke's is included in her statement of facts. Neither does Hicks provide any procedural information regarding her underlying claims of workers' compensation retaliation and hostile work environment. "'"It is not the function of the appellate court to search the record to discover the facts that substantiate a point on appeal."'" *Id.* (quoting *Jimmy Jones Excavation, Inc. v. JDC Structural Concrete, LLC*, 404 S.W.3d 922, 924 (Mo. App. S.D. 2013)). Such a "failure to provide a fair and concise statement of facts is sufficient basis to dismiss an appeal." *Acton*, 611 S.W.3d at 901 (citation omitted).

Moreover, Hicks consistently fails to cite to the record on appeal in her statement of facts, doing so only nine times throughout the facts. "This is completely insufficient in that it essentially requires the court to improperly speculate on the facts." *Sharp*, 612 S.W.3d at 245 (citation omitted). The requirement to provide specific page references to the record on appeal "is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions stated in the brief are supported by the record." [4] *Adams v. Div. of Emp't Sec.*, 459 S.W.3d 918, 920 (Mo. App. W.D. 2015) (citation omitted).

**Argument**

Hicks' arguments do not comply with Rule 84.04(e) in that they consist simply of conclusory statements, lack any preservation of error statement, and do not reference relevant portions of the record on appeal. The argument section of an appellate brief must provide sufficient analytical support for the claim of reversible error. "An argument must explain why, in the context of the case, the law supports the claim of reversible error. It should advise the appellate court how principles of law and the facts of the case interact." *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo. App. E.D. 2007) (citations omitted).

---

[4] For instance, at times Hicks simply refers to an exhibit instead of actually citing to it. For example, she stated, "Hicks, according to the Divelbiss report, went to the ER where she worked the evening of the injury." Aside from not conforming to Rule 84.04, such a reference does little to efficiently locate the exhibit in the legal file. And, the mere reference to the exhibit does not advise this court whether such exhibit was made part of the legal file *or even considered* by the trial court.

Here, Hicks has recited the law and then stated conclusions as to why her claim 'fits' within such a claim. This does nothing to address her complaints with the trial court's actions and does not "specify[] why the trial court was in error or what the trial court should have considered." *Sharp*, 612 S.W.3d at 245 (emphasis removed). Though Hicks' arguments include conclusory *claims* of error, the remainder of her arguments "merely rest on broad brush strokes which generalize [her] complaints[,]" *id.*, and "entirely fail 'to develop an argument by demonstrating how the principles of law and the facts of the present case interact to support [her] assertion that the trial court committed reversible error.'" *Murphree*, 636 S.W.3d at 625 (quoting *Burgan v. Newman*, 618 S.W.3d 712, 715 (Mo. App. E.D. 2021)).

We cannot complete Hicks' arguments for her. "'It is not our duty or responsibility to spend judicial time searching through the argument portions of briefs in an attempt to interpret the thrust of [Appellants'] contentions.'" *Sharp*, 612 S.W.3d at 245 (alteration in original) (quoting *Carroll*, 6 S.W.3d at 218). Rather, "[t]he Appellants' argument must tie the legal principles together with the facts at hand in order to make their argument." *Id.* We cannot comb the legal file for facts to better understand Hicks' argument, "nor can we do so and remain steadfast to our role as the neutral arbiter of the case." *Id.* at 245-46.

As such, Hicks has failed to "satisfy the 'fundamental requirement of an appellate argument, which is to demonstrate the erroneousness of the basis upon which the lower court issued an adverse ruling.[']" *Murphree*, 636 S.W.3d at 625 (quoting *Burgan*, 618 S.W.3d at 715). Her arguments fail to provide appropriate

10

analytical support for her claims of reversible error, nor do they clarify the grounds on which she claims reversible error. Stated differently, she has failed to clearly state "wherein and why" the trial court erred, meaning she has also failed to present a readily understandable argument sufficient "'to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.'"[5] *Lexow*, 643 S.W.3d at 505 (quoting *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)).

Moreover, Hicks' arguments contain additional violations of Rule 84.04(e). Rule 84.04(e) provides that "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." Neither of Hicks' arguments contain a statement describing how, or whether, the respective error was preserved for review. This statement is "essential to this Court's review of the case." *Murphree*, 636 S.W.3d at 625.

Further, Rule 84.04(e) requires that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." As in her statement of facts, Hicks fails throughout her arguments to cite to the record when factual assertions were made. In fact, Hicks cites to the record only *once* in her argument for Point I, and similarly only *once*

---

[5] Notably, during oral argument Hicks' appellate counsel stated the *only* claim on appeal was the workers' compensation retaliation claim, while Appellate counsel for Saint Luke's understood from the briefing that Hicks' appeal also included one or more MHRA claims. This exemplifies the failure of Hicks' brief to sufficiently put opposing counsel on notice of the precise matters at issue. Moreover, the lack of specificity required the expenditure by Respondent of additional work, time, and money in preparing to address what it believed were additional claims.

within her Point II argument, leaving entire paragraphs that contain no reference to the record on appeal. For the exact same reasoning discussed with the statement of facts, "[t]his requirement is mandatory and essential for the effective functioning of appellate courts . . . ." *Adams*, 459 S.W.3d at 920 (citation omitted). "It is not our duty to supplement the deficient brief with our own research, thus noncompliance with Rule 84.04(e) justifies dismissal." *Burgan*, 618 S.W.3d at 716 (citation omitted). Indeed, any of her several briefing errors are sufficient on their own to support dismissal. Accordingly, we are compelled to dismiss her appeal.

## Conclusion

For the foregoing reasons, Hicks' appeal is dismissed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

12