

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| SHANNON MAXWELL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD85874 |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | Opinion filed:  July 5, 2023 |
| | ) | |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE LABOR AND
INDUSTRIAL RELATIONS COMMISSION**

Division One:  Mark D. Pfeiffer, Presiding Judge,
Karen King Mitchell, Judge and W. Douglas Thomson, Judge

Shannon Maxwell appeals from the Labor and Industrial Relation Commission's (the "Commission") dismissal of her appeal from the denial of her request for unemployment benefits.  Maxwell argues first that the Commission erred in determining that she left work voluntarily without good cause attributable to her work or employer.  She also argues that the Commission erred in determining that Maxwell did not have a just reason to not appear at her scheduled hearing.  Because Maxwell's brief fails to

substantially comply with the briefing requirements of Rule 84.04,[1] her appeal is dismissed.

## I.     FACTUAL AND PROCEDURAL HISTORY

Maxwell worked at the Missouri Department of Social Services for approximately ten years and six months. In June 2022, Maxwell voluntarily resigned from her position as a Children's Service Supervisor. Shortly after resigning, Maxwell moved out of state and applied for unemployment benefits. A deputy for the Commission's Division of Employment Security denied Maxwell's request for benefits on July 29, 2022.  The deputy determined that Maxwell resigned her position for personal reasons, not for reasons relating to her work or employer.

Maxwell appealed the deputy's determination. Maxwell thereafter received a packet of information from the Commission regarding a telephone hearing on her appeal. Maxwell received a "Notice of Telephone Hearing," that included the following instructions: "To Participate in the Telephone Hearing: YOU MUST CALL the toll-free number 800-471-7894 at the time of the hearing." Maxwell also received a document titled "Telephone Hearing Information," which stated in part that, "If you filed the appeal and do not participate in the hearing, your appeal will be dismissed."

The telephone hearing took place on October 6, 2022 and Maxwell did not appear. On October 7, 2022, the appeals tribunal issued its decision, finding that Maxwell "did not participate in the hearing to pursue the appeal."  The tribunal dismissed Maxwell's appeal.

---

[1] All rule references are to Missouri Supreme Court Rules (2022).

Maxwell authored a letter on October 7, 2022 requesting a new hearing and outlining her reasons for not appearing at the first hearing. Maxwell stated that she incorrectly believed that someone involved in the hearing would be contacting her and that she had been battling the flu and was "out of sort[s]."

After reviewing Maxwell's letter, the Commission issued an order affirming the dismissal of Maxwell's appeal. The Commission determined that "[Maxwell's] allegations, if true, will not support a finding of good cause for [Maxwell's] failure to participate in the scheduled hearing."

This appeal follows.

## II. Rule 84.04 Briefing Deficiencies

Numerous deficiencies in violation of Rule 84.04 are contained within Maxwell's brief. As a result, we are unable to reach the merits of this appeal.

Maxwell appeals *pro se*. *Pro se* appellants are held "to the same procedural rules as attorneys; we do not grant them preferential treatment regarding compliance with those rules." *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018).

The importance of adhering to briefing requirements has been explained as follows:

> When [parties] fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

3

*Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022) (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). Further,

> "[c]ompliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." "An appellant's failure to substantially comply with Rule 84.04 preserves nothing for our review and constitutes grounds for dismissal of the appeal." "This is particularly true where, as here, we cannot competently rule on the merits of [the Appellants'] argument without first reconstructing the facts . . . and then refining and supplementing [their] points and legal argument."

*Sharp v. All-N-One Plumbing*, 612 S.W.3d 240, 244 (Mo. App. W.D. 2020) (second and third alterations in original) (internal citations omitted) (internal quotations omitted) (quoting *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018)).

"Although this Court prefers to reach the merits of a case, excusing technical deficiencies in a brief, it will not consider a brief 'so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal.'" *Lexow*, 643 S.W.3d at 505 (quoting *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc 1998)). This is because "Rule 84.04 is not merely an exhortation from a judicial catechism nor is it a suggestion of legal etiquette." *Shockley v. State*, 579 S.W.3d 881, 917 n.9 (Mo. banc 2019) (citation omitted). Indeed, as the Missouri Supreme Court has recently reminded us, "[t]he appellate courts' continued reiteration of the importance of the briefing rules without enforcing any consequence 'implicitly condones continued violations and undermines the mandatory nature of the rules.'" *State v. Minor*, 648 S.W.3d 721, 728-29 (Mo. banc 2022) (quoting *Alpert v. State*, 543 S.W.3d 589, 601 (Mo. banc 2018) (Fisher, J., dissenting)).

We begin by addressing the deficiencies found in Maxwell's statement of facts.

## A.    Statement of Facts

Maxwell's statement of facts is deficient.  In relevant part, Rule 84.04(c) requires that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination" and "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."  "'The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case.'" *Acton v. Rahn*, 611 S.W.3d 897, 901 (Mo. App. W.D. 2020) (quoting *Lattimer v. Clark*, 412 S.W.3d 420, 422 (Mo. App. W.D. 2013)).  "'Failure to substantially comply with Rule 84.04(c) preserves nothing for review.'"  *Sharp*, 612 S.W.3d at 245 (quoting *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 217 (Mo. App. S.D. 1999)).

Maxwell's statement of facts fails to include all of the relevant facts necessary for us to determine her appeal.  Maxwell's statement of facts is but two short paragraphs and does not include any information about notices she received regarding hearings before the appeals tribunal and any instructions that accompanied such notices, her responses to same, or why she did not appear.  Instead, Maxwell's statement of facts focuses on her relocation to Arkansas after she left her employment:

> In June 2022, Maxwell relocated to Arkansas to be close to her ailing father who is 96 years of age.  Upon moving to AR, Maxwell had applied for employment in the arear [sic] of relocation and was told by several employers that they would be hiring the next fiscal year[,] which would have been June. (Tr2).  Maxwell was able to maintain income with the Department until July 2022 in which Maxwell applied for unemployment assistance. (Tr3).  In that time, Maxwell registered with the Arkansas Division of Workforce Services to assist with obtaining employment as well as completing online searches and phone contact.

These four sentences comprise 80% of the sentences in Maxwell's statement of facts.  And, few if any of these facts are relevant to determining Maxwell's arguments on

appeal. "'It is not the function of the appellate court to search the record to discover the facts that substantiate a point on appeal.'" *Sharp*, 612 S.W.3d at 24 (quoting *Jimmy Jones Excavation, Inc. v. JDC Structural Concrete, LLC*, 404 S.W.3d 922, 924 (Mo. App. S.D. 2013)). Such a "failure to provide a fair and concise statement of facts is sufficient basis to dismiss an appeal." *Acton*, 611 S.W.3d at 901 (citation omitted).[2]

## B.    Points Relied On

The Points Relied On are an integral component of an Appellant's brief. "'The function of [points relied on] [are] to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.'" *Minor*, 648 S.W.3d at 727 (first alteration in original) (quoting *Lexow*, 643 S.W.3d at 505 (Fisher, J., dissenting)). "A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Lexow*, 643 S.W.3d at 505 (citation omitted).

Rule 84.04(d)(2) is clear on the requirements for a point relied on in this case:

(2) Where the appellate court reviews the decision of an administrative agency, rather than a trial court, each point shall:

(A) Identify the administrative ruling or action the appellant challenges;

(B) State concisely the legal reasons for the appellant's claim of reversible error; and

---

[2] Moreover, Maxwell fails to support each of her factual statements with a citation to the record. The requirement to provide specific page references to the record on appeal "is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions stated in the brief are supported by the record." *Adams v. Div. of Emp't Sec.*, 459 S.W.3d 918, 920 (Mo. App. W.D. 2015) (citation omitted).

6

(C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*]."

Here, Maxwell brings two points on appeal, which state:

[I.] The LIRC erred in determining that Maxwell voluntarily left work without good cause attributable to the work or employer without clearing [sic] understanding the importance and reasoning for her departure or relocation to another state.

[and]

[II.] The LIRC erred in determining that Maxwell was not just in her reasoning for not attending the scheduled hearing on October 6, 2022.

Neither of Maxwell's points relied on conform to the template provided in Rule 84.04(d)(2). Neither point states the legal reason for her claim of reversible error nor why such legal reason, in the context of the case, supports her claim. Accordingly, we are left to speculate *what* legal reason Maxwell relies upon in seeking the reversal of the Commission's actions. Further, we are left to speculate *how* such legal reason supports the claim of reversible error. This we cannot do. "It is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Boyd v. Boyd*, 134 S.W.3d 820, 823 (Mo. App. W.D. 2004) (citation omitted). "'An appellate court's role is to review specifically challenged [administrative] rulings, not to sift through the record to detect possibly valid arguments.'" *Geiler v. Liberty Insurance Corp.,* 621 S.W.3d 536, 547 (Mo. App. W.D. 2021) (quoting *TracFone Wireless, Inc. v. City of Springfield*, 557 S.W.3d 439, 445 (Mo. App. S.D. 2018)).

7

"This narrow role reflects the interwoven policy interests governing appellate review, including the reviewing court's duty not to act as advocate for any party; the efficient use of judicial resources; notice and fairness to the parties; judicial decision-making based on fully-briefed issues; and the law's preference for finality of judgments."

*Id.* (quoting *TracFone Wireless, Inc.*, 557 S.W.3d at 445).

Here, neither of Maxwell's points relied on state "wherein and why" the Commission erred, failing to identify what legal reasons she relies upon in seeking reversal of the Commission's ruling and how those legal reasons support the claim of reversible error. Such failures are fatal to her points. *See Lexow*, 643 S.W.3d at 505. "Moreover, [her] failure to challenge the articulated grounds for the [Commission's] ruling is fatal to [her] appeal." *Geiler*, 621 S.W.3d at 547 (citation omitted). "The failure of the appellant to satisfy Rule 84.04(d), with respect to a proper point relied on, is a sufficient basis for us to dismiss [her] . . . point[s] on appeal." *Boyd*, 134 S.W.3d at 823 (citation omitted); *see also Nicol v. Nicol*, 491 S.W.3d 266, 270 (Mo. App. W.D. 2016) ("A point relied on that does not comply with the mandatory requirements of Rule 84.04(d) preserves nothing for our review and is grounds to dismiss.") (citations omitted).

This Court will frequently exercise its discretion to overlook technical deficiencies in an appellant's points relied on, where the argument section of the brief clarifies the appellant's claim of error. *See, e.g., Jacoby v. Hamptons Cmty. Ass'n, Inc.*, 602 S.W.3d 869, 872 (Mo. App. E.D. 2020) (despite technical defects in Point Relied On, "[b]ecause we understand Appellants' arguments as elaborated in the argument portions of their brief, we exercise our discretion to proceed in our review"); *Revis v. Bassman*, 604 S.W.3d 644, 651 (Mo. App. E.D. 2020); *Librach v. Librach*, 575 S.W.3d 300, 308 (Mo. App. E.D. 2019). As explained below, however, the argument section of Maxwell's brief does nothing to clarify the specific Commission rulings she challenges, or the legal grounds for

her challenges. Maxwell's appeal is subject to dismissal as a result of the insufficient points relied upon.

## C.    Argument

Maxwell's arguments do not comply with Rule 84.04(e) because they consist simply of conclusory factual statements, lack any preservation of error statement, do not reference relevant portions of the record on appeal, and do not substantially follow the order of her points relied on. The argument section of an appellate brief must provide sufficient analytical support for the claim of reversible error. "An argument must explain why, in the context of the case, the law supports the claim of reversible error. It should advise the appellate court how principles of law and the facts of the case interact." *In re Marriage of Fritz,* 243 S.W.3d 484, 487 (Mo. App. E.D. 2007) (citations omitted).

Here, Maxwell has not cited any Missouri case law or Missouri statute to support her claims of error. Instead, her argument focuses on facts regarding her work history that are not supported by the record in the case and are not relevant to the issues she presents for appeal. This court "may only address the issues that were determined by the Commission and may not consider issues that were not before the Commission." *Boles v. Div. of Emp't Sec.,* 353 S.W.3d 465, (Mo. App. W.D. 2011) (quoting *Chase v. Baumann Prop. Co.,* 169 S.W.3d 891, 892 (Mo. App. E.D. 2005)). The only issue properly before us in this appeal, as best we can discern from Maxwell's brief, is whether the Commission properly dismissed her appeal for failing to appear at the hearing. Consequently, her failure to appear—not the merits of her claim—is the "only issue[] we are permitted to review." *Ireland v. Div. of Emp't Sec.,* 390 S.W.3d 895, 899 (Mo. App. W.D. 2013). Accordingly, facts and arguments regarding Maxwell's work history are irrelevant to the issue before us. In short, her arguments "entirely fail 'to develop an argument by

9

demonstrating how the principles of law and the facts of the present case interact to support [her] assertion that the [Commission] committed reversible error.'" *Murphree*, 636 S.W.3d at 625 (quoting *Burgan v. Newman*, 618 S.W.3d 712, 715 (Mo. App. E.D. 2021)).

We cannot complete Maxwell's arguments for her. "'It is not our duty or responsibility to spend judicial time searching through the argument portions of briefs in an attempt to interpret the thrust of [Appellants'] contentions.'" *Sharp*, 612 S.W.3d at 245 (alteration in original) (quoting *Carroll*, 6 S.W.3d at 218). Rather, "[t]he Appellant['s] argument must tie the legal principles together with the facts at hand in order to make their argument." *Id*. We cannot comb the legal file for facts to better understand Maxwell's argument, "nor can we do so and remain steadfast to our role as the neutral arbiter of the case." *Id*. at 245-46.

As such, Maxwell has failed to "satisfy the 'fundamental requirement of an appellate argument, which is to demonstrate the erroneousness of the basis upon which the [administrative agency] issued an adverse ruling.[']" *Murphree*, 636 S.W.3d at 625 (quoting *Burgan*, 618 S.W.3d at 715). Her arguments fail to provide appropriate analytical support for her claims of reversible error, nor do they clarify the grounds on which she claims reversible error. Stated differently, she has failed to clearly state "wherein and why" the Commission erred, meaning she has also failed to present a readily understandable argument sufficient "'to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.'" *Lexow*, 643 S.W.3d at 505 (quoting *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)).

Moreover, Maxwell's arguments contain additional violations of Rule 84.04(e). Rule 84.04(e) provides that "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." Maxwell's argument does not contain a statement describing how, or whether, the respective error was preserved for review. This statement is "essential to this Court's review of the case." *Murphree*, 636 S.W.3d at 625.

Further, Rule 84.04(e) requires that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Maxwell's argument section cites facts that are absent from both her statement of facts and from the record on appeal. For the same reasoning discussed with the statement of facts, "[t]his requirement is mandatory and essential for the effective functioning of appellate courts . . . ." *Adams*, 459 S.W.3d at 920 (citation omitted). "It is not our duty to supplement the deficient brief with our own research, thus noncompliance with Rule 84.04(e) justifies dismissal." *Burgan*, 618 S.W.3d at 716 (citation omitted).

Finally, Maxwell's argument section does not substantially follow the order of her points relied on as required by Rule 84.04(e). Even though Maxwell appears to state two separate points on appeal, her argument section combines both points relied on and appears to argue them simultaneously. Further, she puts forth arguments that are not included in her points relied on. For example, Maxwell's argument section contains a sub-heading: "LIRC misstated the standards for determining that Maxwell was without 'good cause.'" This argument does not appear in either of her points relied on. "If a point relied on is not developed in the argument portion of the brief by showing how the

11

principles of law and facts of the case interact, it is deemed abandoned." *Lamy v. Stahl Specialty Co.*, 649 S.W.3d 330, 336 (Mo. App. W.D. 2022) (citing *In re S.H.P.*, 638 S.W.3d 524, 533 (Mo. App. W.D. 2021)). "And claimed errors that are raised only in the argument portion of the brief but not contained in a point relied on are not preserved for our review. *Id.* (citing *State ex rel. Dalton v. Mo. Comm'n on Hum. Rts.*, 618 S.W.3d 640, 648 n.10 (Mo. App. W.D. 2020)).

In sum, any of Maxwell's briefing errors are sufficient on their own to support dismissal. Accordingly, we must dismiss.[3]

## I.    CONCLUSION

For the foregoing reasons, Maxwell's appeal is dismissed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

---

[3] Even if we consider Maxwell's appeal *ex gratia*, her argument fails. We have previously determined that failing to follow the Commission's instructions on when and how to join a telephone hearing is not good cause to set aside a dismissal of a claimant's appeal. *See Wunderlich v. Jenson*, 496 S.W.3d 522, 527 (Mo. App. W.D. 2016) (claimant who did not have good cause for failing to appear at his hearing because of his mistaken belief that the start time of his hearing was flexible); *Robinson v. Div. of Emp.Security*, 274 S.W.3d 505, 508 (Mo. App. W.D. 2008) ("The Appeals Tribunal is not required to accommodate a party that does not follow the clearly stated directions in the notice of hearing."); *Guyton v. Div. of Emp. Security*, 375 S.W.3d 254, 256 (Mo. App. W.D. 2012) ("Failure to properly read the notice of hearing is not reasonable under the circumstances and does not meet the 'good cause' standard for overturning the dismissal of the appeal."); *Jenkins v. Manpower on Site at Proctor and Gamble*, 106 S.W.3d 620, 625 (Mo. App. W.D. 2003) ("The Commission was well within the law to determine that Mr. Jenkins' failure to read the notice properly was not good cause for him to miss his telephone hearing and, thus, dismiss his appeal for failure to appear.").