WILLIAM W. FRANCIS, JR., P.J.
*442 TracFone Wireless, Inc. ("TracFone") and City of Springfield ("City") have each appealed the trial court's April 3, 2017 "Second Amended Judgment." See Rules 81.04(c) and 84.04(i).[1] TracFone's appeal (SD34937) and City's appeal (SD34948) were consolidated. TracFone raises one point of alleged trial court error, and City raises three points of alleged trial court error. Finding no merit in any of the points, we affirm the trial court's judgment.
Factual and Procedural History
This appeal derives from TracFone's action for declaratory judgment against City. TracFone filed its petition in Greene County, Missouri, seeking a judicial declaration that it was not subject to City's gross receipts license tax ("license tax"), pursuant to Springfield Municipal Code of Ordinances, Article XI, § 70-452,[2] and owed no back taxes thereunder. City filed a counter-claim seeking a judicial declaration that TracFone was subject to City's license tax, requesting damages in the form of back taxes owed by TracFone, that TracFone be enjoined from violating City's license tax ordinance, and that City be awarded its costs and attorney's fees.
TracFone and City filed competing motions for summary judgment. The trial court granted City's motion and denied TracFone's. The trial court found that there was no genuine issue of material fact that TracFone was subject to City's license tax, and that the sole issue remaining was the amount of TracFone's tax liability.
During a two-day bench trial, City and TracFone adduced conflicting evidence regarding the amount of TracFone's liability, including expert witness testimony from TracFone's expert, Thomas E. Hilton, and City's expert, Dr. Penny Clayton.
The trial court entered its Second Amended Judgment on April 3, 2017. As relevant to this appeal, the trial court made the following findings:
55. The Court finds that TracFone is obligated to pay City 6% of its gross receipts from customers as measured by credit card billing addresses within the City of Springfield. Those amounts are reflected in trial exhibits 212-34 and 571 on a quarter-by-quarter basis beginning January 2007 and ending June 2016. That amount totals $585,278.03.
56. The Court has excluded in the calculation of TracFone's gross receipts the amount received by TracFone from customers for internet access for the periods 2013 through 2015. The reason being that while the Court is satisfied TracFone has the ability to distinguish receipts for internet access for the entire back tax period, and they would not *443 then be subject to tax, TracFone did not adequately respond to City's timely request for this documentation in advance of trial except for the period 2013-2015. Therefore, for the periods in which TracFone provided City records removing internet access receipts, those receipts will not be subject to tax. For the periods in which TracFone did not provide City records removing internet access, those receipts will be included in the gross receipts and subject to the back tax.
57. The Court finds that TracFone owes back taxes to City, and that some of those tax obligations date back to January 2007. Therefore the Court will award additional damages to City as interest at the rate of 9% per annum on the past due tax obligation, on a quarterly basis for the amounts past due beginning January 2007 through June 2012 and 3% per annum on past due tax obligation on a quarterly basis for the amounts past due beginning June 2012 through June 2016. That amount totals $95,048.69. The interest calculation is made on the telephone access back taxes only, as the taxes included for internet access is included in the damage award only because TracFone did not provide City the data in advance of trial. The same analysis does not apply to interest.
58. The Court finds that TracFone had a reasonable good faith position that it did not owe a gross receipts tax to City based on the language of Springfield City Code Sec. 70-452. Similarly, despite being aware of TracFone's business, and that TracFone was collecting sales tax within the City of Springfield, City never made any effort to notify TracFone of the gross receipts tax, never made any effort to review or audit TracFone's books or business model, and never issued any notice of tax due or notice of delinquent tax obligation before filing a civil lawsuit. Therefore the Court does not award City additional damages as a penalty for non-payment of tax.
59. City has requested that Attorney's fees be assessed as additional damages against TracFone. Attorney's fees may only be assessed if allowed by statute, or by contractual agreement, or if special circumstances exist. "[W]ith few exceptions, each litigant must bear his own attorney's fee." Henry v. Farmers Ins. Co. 444 S.W.3d 471 (Mo. App. 2014), citing: David Ranken, Jr. Tech Inst. v . Boykins , 816 S.W.2d 189, 193 (Mo. banc. 199[1]). As the Missouri Supreme Court noted, "courts have rarely found the very unusual circumstances that permit the award of attorney's fees" in the absence of a statutory or contractual provision allowing such fees, Ranken , 816 [S].W.2d at 193.
60. The Court finds no statute, or contract, or special circumstance apply to this case to support an award of Attorney's fees.
This appeal followed. In one point on appeal, TracFone asserts the trial court erred in finding that TracFone owed $680,326.72 in back taxes and interest to City because the trial court's determination that TracFone is a "home service provider," under the Mobile Telecommunications Sourcing Act ("MTSA"),[3] precludes City from taxing TracFone.
In its cross-appeal, City asserts in three points that the trial court erred: (1) in its interpretation and application of City's license tax ordinance because the ordinance was construed to only apply to a portion of TracFone's receipts (revenue sorted by credit card billing address zip codes), when *444 the license tax requires that the license tax be applied to all of TracFone's receipts from providing telecommunications services within City (revenue sorted by Activation Zip Codes); (2) in denying City an award of penalties; and (3) in its application of the Internet Tax Freedom Act ("ITFA")[4] to TracFone's gross receipts.
Principles of Review
We must affirm the trial court's judgment unless there is no substantial evidence to support it, the judgment is against the weight of the evidence, or the judgment erroneously declares or applies the law. Rule 84.13(d); Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976).
The parties correctly assert that several of the matters at issue are legal, and our review is de novo -but de novo as to what? De novo as to those matters of law properly lodged by the parties, pursuant to Rule 84.04,[5] and consistent with attendant principles of appellate review. We grant relief if an appellant demonstrates -within these confines-that a different outcome is required.[6] In other words, an appellant must show: (1) preserved legal error, and (2) resulting prejudice. If an appellant fails in either respect, we affirm.[7]
Even in de novo review, we will affirm on any basis supported by the record. Braughton v. Esurance Insurance Company , 466 S.W.3d 1, 7-9 (Mo. App. W.D. 2015). Generally speaking, this means that prejudice will not be found in a bench-tried case unless an appellant shows that there was no authorized route by which the trial court could have arrived at its result. If an outcome-sustaining route is left unchallenged or undefeated, the judgment must be affirmed. See *445 STRCUE, INC. v. Potts , 386 S.W.3d 214, 219 (Mo. App. W.D. 2012). "By not challenging [a trial court's] express and implicit findings" on appeal, a party "waive[s] any claim" that necessarily runs counter to those findings. Houston v. Roadway Express, Inc. , 133 S.W.3d 173, 178 (Mo. App. S.D. 2004).
It is an appellant's burden (as the moving party) to overcome our presumption that the judgment of the trial court is correct.[8] "An appellate court's role is to review specifically challenged trial court rulings, not to sift through the record to detect possibly valid arguments." Smith v. City of St. Louis , 395 S.W.3d 20, 29 (Mo. banc 2013). This narrow role reflects the interwoven policy interests governing appellate review, including the reviewing court's duty not to act as advocate for any party;[9] the efficient use of judicial resources; notice and fairness to the parties; judicial decision-making based on fully-briefed issues;[10] and the law's preference for finality of judgments.[11]
Our review of the arguments put forward by TracFone and City is in accord with these salient principles.
Analysis
TracFone's Point I: Mobile Telecommunications Sourcing Act
TracFone argues that the trial court erred in finding that TracFone owed $680,326.72 in back license taxes and interest per the MTSA.
The trial court found that TracFone is a "home service provider" under the MTSA. TracFone argues that "[b]ecause TracFone is not authorized by law or contract to provide commercial mobile radio service in Missouri, it has no 'licensed service area' in Missouri. Thus, Springfield cannot encompass a licensed service area for TracFone and cannot impose a tax, charge, or fee on TracFone."
At oral argument, counsel for TracFone admitted that it owed the awarded amount, but suggested the trial court's route in arriving at the amount was errant. We review matters of law de novo , but "this Court is primarily concerned with the correctness of the result, not the route taken to reach it." Central Parking System of Missouri, LLC v. Tucker Parking Holdings, LLC , 519 S.W.3d 485, 493 (Mo. App. E.D. 2017) (internal quotation and citation omitted). "[W]e will affirm where [the trial court] reached the right result, even if for the wrong reason." Kubley v. Brooks , 141 S.W.3d 21, 27 n.5 (Mo. banc 2004). TracFone's Point I is denied.
City's Point I
In its first point, City argues that the trial court erred in its application of City's license tax ordinance. City suggests that its license tax ordinance "unambiguously requires that the license tax be applied to all of TracFone's receipts from providing telecommunications services within City (revenue sorted by activation zip code)[,]" and that the trial court errantly applied the ordinance "to only apply to a small portion of TracFone's receipts (revenue sorted by credit card billing address zip codes)[.]"
As an initial matter, City is mistaken when it asserts that Point I relates to "undisputed facts." The issue of TracFone's liability was resolved in City's *446 favor in summary judgment-however, the issue of damages was resolved by a contested two-day bench trial. City and TracFone put forward conflicting evidence and conflicting legal theories as to damages, which the trial court resolved in its Second Amended Judgment. City's misapprehension directly undercuts the efficacy of its Point I.
As relevant (and fatal) to City's Point I, the trial court made the following findings:[12]
• "[City's] Witness Professor Penny Clayton included in her calculation of gross receipts TracFone sales to Walmart and other retailers based on her assumption those sales were not legitimate wholesale/retail sales. The Court finds this assumption not otherwise supported by the evidence, and therefore her conclusion as to back taxes owed to be inaccurate[ ]";
• "The Court makes a specific finding that the methodology for calculating back taxes as described in the evidence by [TracFone's] witness Thomas E. Hilton, and the testimony of Mr. Hilton generally was credible and worthy of reliance by this Court[ ]"; and
• "TracFone can and does account for customers within the City of Springfield based on the customer's credit card billing address and that is the best method currently for determining the gross receipts subject to tax under the Springfield City Code."
City's argument makes some superficial references to allegedly errant trial court findings: "City respectfully maintains that the trial court's Final Judgment contains numerous erroneous findings; most significantly, those relating to TracFone's indirect sales of Airtime."[13] Fatally, however, City makes no effort at overcoming such "erroneous findings" in line with the mandatory procedures of appellate review. City does not challenge (facially or successfully) the trial court's findings, recited supra , that: the testimony of City's expert witness was "inaccurate" and (by implication) not credible; the testimony of TracFone's expert witness was credible and his methodology reliable; and, using "customer's credit card billing address[es] ... is the best method currently for determining the gross receipts subject to tax under the Springfield City Code."
There are two distinct methods by which an appellant may challenge the evidentiary basis of a judgment-a not-supported-by-substantial-evidence challenge, and an-against-the-weight-of-the-evidence challenge.
A not-supported-by-substantial-evidence challenge requires completion of three sequential steps:
(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
(2) identify all of the favorable evidence in the record supporting the existence of that proposition; and,
(3) demonstrate why that favorable evidence, when considered along with *447 the reasonable inferences drawn from that evidence, does not have probative force upon the proposition such that the trier of fact could not reasonably decide the existence of the proposition.
On the other hand, an against-the-weight-of-the-evidence challenge requires completion of four sequential steps:
(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
(2) identify all of the favorable evidence in the record supporting the existence of that proposition;
(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,
(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.
Houston v. Crider , 317 S.W.3d 178, 187 (Mo. App. S.D. 2010). See Ivie v. Smith , 439 S.W.3d 189, 205-207 (Mo. banc 2014).
Whether reviewing a substantial-evidence challenge or an against-the-weight-of-the-evidence challenge, we do not consider (and it is incumbent upon appellant not to rely on) evidence that was not credited by the trial court. Houston , 317 S.W.3d at 186-87 ; White v. Director of Revenue , 321 S.W.3d 298, 307-08 (Mo. banc 2010).
While ... evidence may be contrary to the judgment, [that] does not mean it is properly considered in an against-the-weight-of-the-evidence challenge. Houston , 317 S.W.3d at 187, allows for the consideration of certain evidence contrary to the judgment in the third and fourth steps of its analytical sequence-i.e. , where the appellant demonstrates: (1) the evidence was offered by a party with no burden of proof as to the ultimate issue for which that evidence is offered; (2) the efficacy of that evidence is 'not based on a credibility determination'; and (3) the evidence is uncontested, uncontradicted, and not 'disputed in any manner.' See White , 321 S.W.3d at 304-05. In other words, we may only consider contrary evidence in an against-the-weight-of-the-evidence challenge when the necessary effect of that evidence; is legal, and there is no finding of fact to which we defer.' White , 321 S.W.3d at 308.
In re Marriage of Schubert v. Schubert , SD 34911, 2018 WL 1443883, at *11 (Mo. App. S.D. Mar. 23, 2018), reh'g and/or trf. denied , (July 3, 2018).
City's argument in Point I does not comply-or even attempt to comply-with the mandatory procedures herein described. City's "failure to challenge ... finding[s] and ruling[s] that would support the conclusion complained about is fatal" to its Point I. See STRCUE , 386 S.W.3d at 219 (internal quotations and citations omitted). City's Point I is denied.
City's Point II
In its second point, City argues that the trial court erred in denying City an award of penalties against TracFone. Namely, City directs that: (1) TracFone failed to file quarterly reports with City, and that penalties should have been assessed, pursuant to section 71.625;[14] (2) mens rea is not an element of City code section 70-457 *448 [15] and section 71.625; and (3) the trial court erred in rejecting penalties based on its finding that TracFone did not deviate from City's code willfully.
City suggests that the trial court erred in failing to award penalties prior to the third quarter of 2012 because TracFone failed to file quarterly reports with City. City's brief wholly fails to show that its current argument was timely presented to the trial court, pursuant to Rule 84.04(e), and makes no effort at showing what credited evidence City (or TracFone) adduced at trial as to TracFone's alleged failure to file quarterly reports. On appeal, this is City's burden as the moving party-this burden "shall not be shifted to the [reviewing] court." State ex rel. Greene County v. Barnett , 231 S.W.3d 854, 858 (Mo. App. S.D. 2007).
TracFone asserts that the record contains no such evidence, and, we-undirected by City-find none. In the absence of credited evidence sufficient to sustain the factual predicate of its legal challenge, City's Point II must fail. See Rule 84.04(e).
We further observe that City's argument in Point II inappropriately conflates several challenges with distinct standards of review. City contends that the trial court's failure to award penalties under City code section 70-457 was: (1) "erroneous"; (2) "plain error", (3) "not supported by any evidence"; (4) "not supported by any ... legal authority"; and (5) "against the weight of the evidence." The defect to such an approach is two-fold. First, the latter four standards are not invoked in City's Point II, in violation of Rule 84.04-argument outside the point relied on is prohibited, and will not be considered. State ex rel. Jackson v. City of Joplin , 300 S.W.3d 531, 534 (Mo. App. S.D. 2009). Second, each of the five contemplate a completely separate standard of review, and each has a different (and mandatory) attendant analytical framework. City's argument makes no effort-token or otherwise-at conforming its argument to such independent analytical frameworks. Ultimately, as our Supreme Court indicated (in response to a less variegated claim combination): "These are distinct claims. They must appear in separate points relied on ... to be preserved for appellate review." Ivie , 439 S.W.3d at 199 n.11 (citing Rule 84.04). City's Point II is denied.
City's Point III
In Point III, City argues the trial court erred in "applying the Internet Tax Freedom Act to TracFone's gross receipts[.]" City suggests that "the Internet Tax Freedom Act is an affirmative defense[,]" and TracFone failed to plead or prove which of its charges were for internet access.
City's Point III argument suffers from the same defect as its argument in Point I. Namely, City's argument fails to account for the trial court findings otherwise sufficient to sustain its challenged ruling. As TracFone points out in its response brief, City does not challenge the trial court's finding that: "Springfield City Code Sec. 70.452 does not apply to receipts from the sale of internet access[,]" nor does City *449 challenge the trial court's fact finding that: "City agrees that its tax ordinance does not apply to revenues from internet access." (Emphasis added). The underlying premise on which the argument in City's Point III relies is that TracFone's charges "for Internet access" "are subject to taxation[.]" (Emphasis added). This premise is incompatible with the unchallenged findings of the trial court, as recited supra. For the reasons discussed at length in our treatment of City's Point I, the argument in City's Point III must fail.
We further observe that City's argument in Point III inappropriately conflates separate challenges, in a manner similar to its argument in Point II. City's argument suggests that reversal is required because the "trial court erred as a matter of law " in failing to award City "judgment on all of TracFone's Airtime revenues sorted by Springfield Activation Zip Codes[,]" and because the record is lacking in "sufficient evidence ," or "is wholly devoid of ... evidence ," to warrant the trial court's ruling. (Emphasis added).
"In appeals from a court-tried civil case, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." White , 321 S.W.3d at 307-08 (citing Murphy , 536 S.W.2d at 32 ). "[A] substantial[-]evidence challenge, a misapplication-of-the-law challenge, and an against-the-weight-of-the-evidence challenge[,] ... are distinct claims and must appear in separate points relied on to be preserved for appellate review." Higgins v. Ferrari , 474 S.W.3d 630, 635 n.9 (Mo. App. W.D. 2015) (citing Rule 84.04; Ivie , 439 S.W.3d at 199 n.11 ). City's commingled misapplication of the law and substantial-evidence challenges do not comply with Rule 84.04, and therefore preserve nothing for review. Higgins , 474 S.W.3d at 635 n.9. City's Point III is denied.
The judgment of the trial court is affirmed.
JEFFREY W. BATES, J.-CONCURS
DANIEL E. SCOTT, J.-CONCURS AND FILES SEPARATE CONCURRING OPINION
CONCURRING OPINION

References to rules are to Missouri Court Rules (2018).

Section 70-452 of the City of Springfield Municipal Code states: "Every person engaged in the business of supplying telephones, and telecommunications and telephonic service, and telecommunications services, within the city shall pay as a license tax a sum equal to six percent of the gross receipts from such business." Section 70-452 was last amended in 1968, although recodified in 2000 to include the words "telecommunications" and "telecommunications service."

4 U.S.C. 116, et seq.

47 U.S.C. 151, et seq.

As our Supreme Court indicated in Thummel v. King , 570 S.W.2d 679 (Mo. banc 1978) :
[An appellate court's] function is not to hear evidence and, based thereon, to make an original determination. Instead, it provides an opportunity to examine asserted error in the trial court which is of such a nature that the complaining party is entitled to a new trial or outright reversal or some modification of the judgment entered. It is not the function of the appellate court to serve as advocate for any party to an appeal. That is the function of counsel. It would be unfair to the parties if it were otherwise.
See Lanham v. Missouri Dept. of Corrections , 232 S.W.3d 630, 634 (Mo. App. S.D. 2007) (noting that Rule 84.04 is mandatory, even in de novo review); Massie v. Colvin , 373 S.W.3d 469, 471 (Mo. App. S.D. 2012).

Kim v. Mercy Clinic Springfield Communities , Nos. SD34547 and SD34561 (Consolidated), 2018 WL 495591, at *4 (Mo. App. S.D. Jan. 22, 2018) ("The judgment is presumed correct, and the appellant bears the burden of proving it erroneous. This is true even under de novo review.") (internal quotations and citations omitted); Wilder v. Youngblood Motors, Inc. , 534 S.W.3d 902, 911 (Mo. App. S.D. 2017) ("Even in de novo review, the judgment is presumed correct, and the appellant bears the burden of proving it erroneous.") (internal quotation and citation omitted); Massie , 373 S.W.3d at 475 ("Although our review is de novo , it is [appellant]'s burden" to demonstrate that the judgment appealed from was wrong.).

Braughton v. Esurance Insurance Company , 466 S.W.3d 1, 7-9 (Mo. App. W.D. 2015) (applying de novo review in accord with the directive that appellate court affirm on any basis supported by the record); Henson v. City of Springfield , 524 S.W.3d 142, 144 (Mo. App. S.D. 2017) ; Poger v. Missouri Department of Transportation , 501 S.W.3d 37, 41-42 (Mo. App. E.D. 2016) ; Lopez v. H & R Block, Inc. , 491 S.W.3d 221, 228 (Mo. App. W.D. 2016) ; Nail v. Husch Blackwell Sanders, LLP , 436 S.W.3d 556, 561 (Mo. banc 2014) ; State ex rel. Christian Health Care of Springfield, Inc. v. Missouri Dept. of Health and Senior Services , 229 S.W.3d 270, 276 (Mo. App. W.D. 2007).

See Wilder , 534 S.W.3d at 911 ; Denny v. Regions Bank , 527 S.W.3d 920, 924-25 (Mo. App. S.D. 2017).

See Smith , 395 S.W.3d at 29.

See Thummel , 570 S.W.2d at 685-87.

See Bate v. Greenwich Insurance Company , 464 S.W.3d 515, 517 (Mo. banc 2015).

The trial court made 42 findings specified as "findings of fact" and 18 "conclusions of law." We need not assign a number to the trial court's implicit findings-necessarily, there were many. We recite only the most relevant findings as to City's Point I.

A challenge that the trial court erroneously applied the law, as in City's Point I, is a separate and distinct challenge from a challenge that one or more factual underpinnings of the judgment are not supported by substantial evidence, or against the weight of the evidence. See Higgins v. Ferrari , 474 S.W.3d 630, 635 n.9 (Mo. App. W.D. 2015).

All future references to section 71.625 is to RSMo Cum.Supp. (2012).

Section 70-457 of the City of Springfield Municipal Code states:
Any person required to be licensed by this article who shall fail to file a quarterly report as required by this article or who shall willfully fail or refuse to pay the license tax when due shall, for such failure, for the first 30 days or any part thereof, pay, in addition to such license tax, a penalty of ten percent of the gross tax due and unpaid, and for such refusal of each succeeding 30 days or any part thereof shall pay, as a penalty, three percent of such tax due, so long as such tax shall remain unpaid.