

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

IN THE MATTER OF JANET P.           )
MARVIN,                             )
                                    )
      Respondent,                    )
                                    )
CHARLES BASHAM,                     )
                                    )
      Respondent,                    )
v.                                  )           WD86118
                                    )
CHRISTINE LOUISE KENSINGER,         )           Opinion filed:   December 19, 2023
                                    )
      Appellant.                     )

### APPEAL FROM THE CIRCUIT COURT OF
### BENTON COUNTY, MISSOURI
### THE HONORABLE JAMES O. KJAR, JUDGE

Division Two:  W. Douglas Thomson, Presiding Judge,
Thomas N. Chapman, Judge and Janet Sutton, Judge

Christine Louise Kensinger ("Kensinger") appeals a judgment entered by the

Probate Division of the Circuit Court of Benton County ("probate court"), in which

Charles Basham ("Basham") was appointed as guardian of his mother, Janet P.

Marvin ("Marvin"), and as conservator of her estate.  Acting *pro se*, Kensinger

raises eighteen points on appeal, claiming various errors by the probate court

related to the underlying guardianship and conservatorship proceedings as well as

the court's judgment appointing Basham. However, because Kensinger's brief fails to substantially comply with the briefing requirements of Rule 84.04,[1] her appeal is dismissed.

## Factual and Procedural History

On December 2, 2022, Basham filed a Petition for Appointment of Guardian and Conservator concerning his mother, Marvin. At the time of the filing, Marvin had been living with Basham for a short period of time. The petition alleged Marvin suffers from dementia, and is therefore "unable to meet [her] essential daily needs of living and/or manage [her] financial resources without supervision[,]" making guardianship and conservatorship the least intrusive means to provide for her care and financial needs. The petition prayed that a hearing would be held and that Basham be appointed Marvin's guardian and conservator if the court found Marvin incapacitated and/or disabled. Filed this same day was a document signed by Marvin, in which she nominated Basham as her guardian and conservator.

On January 6, 2023, Norman Scott Pursley ("Pursley") filed a *pro se* interested party emergency petition to intervene and protest Basham's petition for appointment of guardian and conservator. Pursley, the alleged significant other of Marvin, had the same address as Marvin and jointly owned assets and a bank account with her. Pursley filed his own petition to be named Marvin's guardian and/or conservator on February 1, 2023. The probate court denied Pursley's

---

[1] All rule references are to Missouri Supreme Court Rules (2023).

petition to intervene on February 6, 2023. On February 23, 2023, Kensinger filed her *pro se* interested party emergency petition to intervene and protest Basham's petition for appointment of guardian and conservator. The petition also stated Kensinger was making her "pro se entry of appearance to protect substantial rights of [Marvin] and significant other and companion, [Pursley] . . . ."[2] Within the same month, Marvin was placed in a twenty-four-hour health and rehabilitation center due to increased cognitive and physical decline.

On March 6, 2023, a hearing on Basham's petition for appointment of guardian and conservator was held. Basham appeared in person with counsel and was the sole witness at the hearing. Marvin's appointed counsel appeared on her behalf, stating Marvin had waived her right to a jury trial and her right to be present at the hearing. Kensinger did not appear. The hearing began with the probate court stating on the record that Kensinger's motion to intervene had been denied. This was also reflected in a docket entry made the same day. After hearing testimony from Basham, the probate court found Marvin to be totally incapacitated and disabled, and appointed Basham as both guardian and conservator.

This appeal by Kensinger follows.[3]

---

[2] In her brief, Kensinger describes herself as a volunteer with an organization that helps referred "senior elderly, veterans, families, and individuals . . . research to find other government community programs and to find licensed professional help as deemed necessary to help clients with their unmet needs and to help them rebuild if desired."

[3] Kensinger filed her notice of appeal three days after the probate court denied her petition to intervene and entered its judgment, making it premature. However, a premature filing of a notice of appeal "shall be considered as filed immediately after the time the judgment becomes final for the purpose of appeal." Rule 81.05(b); *see also* Rule 75.01 and § 472.180. We also note that no Respondent's brief was filed in this case.

## Rule 84.04 Briefing Deficiencies

Numerous deficiencies in violation of Rule 84.04 are contained within Kensinger's brief. As a result, we are unable to reach the merits of this appeal.

Kensinger appeals *pro se*. "Both attorneys and *pro se* appellants are held to the same procedural rules, thus *pro se* appellants do not receive preferential treatment regarding compliance with these rules." *In re H.B.*, 165 S.W.3d 578, 579 (Mo. App. S.D. 2005) (citation omitted).

The importance of adhering to briefing requirements has been explained as follows:

> When [parties] fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

*Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022) (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). Further,

> "'[c]ompliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made.'" "An appellant's failure to substantially comply with Rule 84.04 'preserves nothing for our review' and constitutes grounds for dismissal of the appeal." "This is particularly true where, as here, 'we cannot competently rule on the merits of [the Appellants'] argument without first reconstructing the facts . . . and then refining and supplementing [their] points and legal argument.'"

*Sharp v. All-N-One Plumbing*, 612 S.W.3d 240, 244 (Mo. App. W.D. 2020) (second and third alterations in original) (internal citations omitted) (quoting *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. W.D. 2018)).

"Although this Court prefers to reach the merits of a case, excusing technical deficiencies in a brief, it will not consider a brief 'so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal.'" *Lexow*, 643 S.W.3d at 505 (quoting *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc 1998)). This is because "Rule 84.04 is not merely an exhortation from a judicial catechism nor is it a suggestion of legal etiquette." *Shockley v. State*, 579 S.W.3d 881, 917 n.9 (Mo. banc 2019) (citation omitted). Indeed, as the Missouri Supreme Court has recently reminded us, "[t]he appellate courts' continued reiteration of the importance of the briefing rules without enforcing any consequence 'implicitly condones continued violations and undermines the mandatory nature of the rules.'" *State v. Minor*, 648 S.W.3d 721, 728-29 (Mo. banc 2022) (quoting *Alpert v. State*, 543 S.W.3d 589, 601 (Mo. banc 2018) (Fischer, J., dissenting)).

We begin by addressing the deficiencies found in Kensinger's statement of facts.

### A. Statement of Facts

In relevant part, Rule 84.04(c) requires that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination" and "[a]ll statements of facts shall have specific page references to

the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." "'The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case.'" *Acton v. Rahn*, 611 S.W.3d 897, 901 (Mo. App. W.D. 2020) (quoting *Lattimer v. Clark*, 412 S.W.3d 420, 422 (Mo. App. W.D. 2013)). "'Failure to substantially comply with Rule 84.04(c) preserves nothing for review.'" *Sharp*, 612 S.W.3d at 245 (quoting *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 217 (Mo. App. S.D. 1999)).

Kensinger's statement of facts is deficient in that it fails to include the relevant facts necessary for us to determine her appeal. The merit of Kensinger's appeal hinges on her claim that the probate court erred in denying her petition to intervene. Yet, no facts pertaining to Kensinger's petition to intervene are included in the statement of facts aside from minimal calendaring information. This is true for the statement of facts at large, which consists mainly of the procedural history of the underlying proceedings with no further details to assist her claims. "Failure to include 'the facts upon which an appellant's claim of error is based fails to preserve the contention for appellate review.'"[4] *Estate of Allen*, 615 S.W.3d 851, 854 (Mo. App. E.D. 2020) (quoting *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo. App. E.D. 1998)).

Additionally, Kensinger fails to support all of her factual statements with a citation to the record. In fact, Kensinger twice admits that certain facts have *no*

---

[4] Adding to this is Kensinger's inclusion of facts that are not relevant for determining her arguments on appeal, such as Pursley's procedural actions following the probate court's judgment.

6

support or basis in the record. This underscores that the requirement to provide specific page references to the record on appeal "is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions stated in the brief are supported by the record." *Adams v. Div. of Emp. Sec.*, 459 S.W.3d 918, 920 (Mo. App. W.D. 2015) (citation omitted). ""It is not the function of the appellate court to search the record to discover the facts that substantiate a point on appeal."" *Sharp*, 612 S.W.3d at 245 (quoting *Jimmy Jones Excavation, Inc. v. JDC Structural Concrete, LLC*, 404 S.W.3d 922, 924 (Mo. App. S.D. 2013)). Such a "failure to provide a fair and concise statement of facts is sufficient basis to dismiss an appeal." *Acton*, 611 S.W.3d at 901 (citation omitted).[5]

## B. Points Relied On

The Points Relied On are an integral component of an Appellant's brief. "'The function of [points relied on] [are] to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.'" *Minor*, 648 S.W.3d at 727 (first alteration in original) (quoting *Lexow*, 643 S.W.3d at 505). "A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the

---

[5] Kensinger also included argumentative statements within the statement of facts. For example, one statement proceeds, "The statement of fact that if [Marvin] understood her rights under the constitution would [Marvin] have been incapacitated or disabled?" "'Interspersing argument throughout the statement of facts violates Rule 84.04(c).'" *Murphy v. Steiner*, 658 S.W.3d 588, 593 (Mo. App. W.D. 2022) (quoting *Harris v. Ralls Co.*, 588 S.W.3d 579, 584 n.1 (Mo. App. E.D. 2019)).

appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Lexow*, 643 S.W.3d at 505 (citation omitted).

Rule 84.04(d)(1) is clear on the requirements for a point relied on in this case:

> (1) Where the appellate court reviews the decision of a trial court, each point shall:
>
> > (A) Identify the trial court ruling or action that the appellant challenges;
> >
> > (B) State concisely the legal reasons for the appellant's claim of reversible error; and
> >
> > (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.
>
> The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Here, Kensinger brings eighteen points on appeal, none of which comply with the requirements of Rule 84.04(d)(1) nor do they conform to the template provided therein. By way of example, her Point Relied On for Point I states: "The [probate] court erred on the March 06, 2023 judgment and order that became appealable on April 06, 2023 appointing [Basham] Guardian and Conservator was not in the best interest of his mother [Marvin]." Additionally, every Point Relied On neglects at least one of Rule 84.04(d)(1)'s requirements, either by failing to identify the specific probate court ruling or action that is being challenged, state the legal reason for the claim of reversible error, or explain why such legal reason,

in the context of the case, supports the claim. Instead, Kensinger's points largely contain her interpretations of abstract statements of law, which do not comply with Rule 84.04(d).

Accordingly, we are left to speculate *what* legal reason Kensinger relies upon in seeking the reversal of the *identified* probate court actions, and *how* such legal reason supports the claim of reversible error. This we cannot do. "It is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Boyd v. Boyd*, 134 S.W.3d 820, 823 (Mo. App. W.D. 2004) (citation omitted). "'It is not the function of the appellate court to serve as advocate for any party to an appeal.'" *In re H.B.*, 165 S.W.3d at 582 (quoting *Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo. App. E.D. 1999)). Rather, "'"[a]n appellate court's role is to review specifically challenged trial court rulings, not to sift through the record to detect possibly valid arguments."'" *Geiler v. Liberty Ins. Corp.*, 621 S.W.3d 536, 547 (Mo. App. W.D. 2021) (quoting *TracFone Wireless, Inc. v. City of Springfield*, 557 S.W.3d 439, 445 (Mo. App. S.D. 2018)).

> "This narrow role reflects the interwoven policy interests governing appellate review, including the reviewing court's duty not to act as advocate for any party; the efficient use of judicial resources; notice and fairness to the parties; judicial decision-making based on fully-briefed issues; and the law's preference for finality of judgments."

*Id.* (quoting *TracFone Wireless, Inc.*, 557 S.W.3d at 445).

Kensinger's Points Relied On do not state "wherein and why" the probate court erred, failing to identify what legal reasons she relies upon in seeking reversal

9

of the probate court's ruling and how those legal reasons support the claim of reversible error. Such failures are fatal to her points. *See Lexow*, 643 S.W.3d at 505. "The failure of the appellant to satisfy Rule 84.04(d), with respect to a proper point relied on, is a sufficient basis for us to dismiss [her] . . . point[s] on appeal." *Boyd*, 134 S.W.3d at 823 (citation omitted).

This Court will frequently exercise its discretion to overlook technical deficiencies in an appellant's Points Relied On, where the argument section of the brief clarifies the appellant's claim of error. *See*, *e.g.*, *Jacoby v. Hamptons Cmty. Ass'n, Inc.*, 602 S.W.3d 869, 872 (Mo. App. E.D. 2020) (despite technical defects in Point Relied On, "[b]ecause we understand Appellants' arguments as elaborated in the argument portions of their brief, we exercise our discretion to proceed in our review") (citation omitted); *Revis v. Bassman*, 604 S.W.3d 644, 651 (Mo. App. E.D. 2020); *Librach v. Librach*, 575 S.W.3d 300, 308 (Mo. App. E.D. 2019). As explained below, however, the argument section of Kensinger's brief does nothing to clarify the specific probate court actions she challenges, or the legal grounds for her challenges. Kensinger's appeal is subject to dismissal as a result of the insufficient points relied upon.

### C. Argument

Kensinger's arguments do not comply with Rule 84.04(e) because they consist simply of conclusory statements, lack any preservation of error statement, and largely fail to include the applicable standard of review and reference relevant portions of the record on appeal. The argument section of an appellate brief must

provide sufficient analytical support for the claim of reversible error. "An argument must explain why, in the context of the case, the law supports the claim of reversible error. It should advise the appellate court how principles of law and the facts of the case interact." *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo. App. E.D. 2007) (citations omitted).

Here, the majority of Kensinger's arguments cite no Missouri case law or Missouri statute to support her claims of error. Instead, her arguments consist simply of conclusory factual statements, which "entirely fail 'to develop an argument by demonstrating how the principles of law and the facts of the present case interact to support [her] assertion that the [probate] court committed reversible error.'" *Murphree v. Lakeshore Ests., LLC*, 636 S.W.3d 622, 625 (Mo. App. E.D. 2021) (quoting *Burgan v. Newman*, 618 S.W.3d 712, 715 (Mo. App. E.D. 2021)). The arguments that do cite legal authority fare no better. Kensinger simply states facts or her legal conclusion and then recites the law without explaining how the two connect or interact. For example, Kensinger's argument for her eighteenth point, which claims the probate court erred when it prevented Pursley and Kensinger from intervening, contains *no facts pertaining to Kensinger*, and instead briefly discusses facts concerning Pursley before quoting a statute on intervention. No analysis, including any connection between the discussed facts and the quoted statute, follows. This does nothing to "advise the appellate court how principles of law and the facts of the case interact." *In re Marriage of Fritz*, 243 S.W.3d at 487 (citations omitted).

11

We cannot complete Kensinger's arguments for her. "'It is not our duty or responsibility to spend judicial time searching through the argument portions of briefs in an attempt to interpret the thrust of [Appellants'] contentions.'" *Sharp*, 612 S.W.3d at 245 (alteration in original) (quoting *Carroll*, 6 S.W.3d at 218). Rather, "[t]he Appellants' argument must tie the legal principles together with the facts at hand in order to make their argument." *Id.* We cannot comb the legal file for facts to better understand Kensinger's argument, "nor can we do so and remain steadfast to our role as the neutral arbiter of the case." *Id.* at 245-46.

As such, Kensinger has failed to "satisfy the 'fundamental requirement of an appellate argument, which is to demonstrate the erroneousness of the basis upon which the lower court issued an adverse ruling.[']" *Murphree*, 636 S.W.3d at 625 (quoting *Burgan*, 618 S.W.3d at 715). Her arguments fail to provide appropriate analytical support for her claims of reversible error, nor do they clarify the grounds on which she claims reversible error. Stated differently, she has failed to clearly state "wherein and why" the probate court erred, meaning she has also failed to present a readily understandable argument sufficient "'to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review.'"[6] *Lexow*, 643 S.W.3d at 505 (quoting *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)).

---

[6] We also note that several of Kensinger's points contain discussion completely unrelated to the claim in the respective Points Relied On. "[C]laimed errors that are raised only in the argument portion of the brief but not contained in a point relied on are not preserved for our review." *Lamy v. Stahl Specialty Co.*, 649 S.W.3d 330, 336 (Mo.

Kensinger's arguments contain additional violations of Rule 84.04(e). Rule 84.04(e) provides that "[f]or each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." While all of Kensinger's arguments contain a section entitled "Preservations," nowhere is there a statement describing how, or whether, the respective error was preserved for review. This statement is "essential to this Court's review of the case." *Murphree*, 636 S.W.3d at 625. Instead, Kensinger uses these "Preservations" sections to reassert the claimed error or begin the argument for that respective point.

Additionally, the majority of Kensinger's points fail to include a statement of the applicable standard of review within their respective arguments. "'The standard of review is an essential portion of all appellate arguments; it outlines this court's role in disposing of the matter before us.'" *Marck Indus., Inc. v. Lowe*, 587 S.W.3d 737, 745-46 (Mo. App. S.D. 2019) (quoting *Waller v. Shippey*, 251 S.W.3d 403, 406 (Mo. App. W.D. 2008)). Indeed,

> [t]he applicable standard of review is the guidepost principle of law in considering and resolving every point relied on raised in an appeal. An argument . . . untethered to that guidepost is nothing more than a collection of abstract legal conclusions unmoored from any coherent legal basis or theory upon which an appellate court can find reversible error.

*Id.* at 746.[7]

---

App. W.D. 2022) (citing *State ex rel. Dalton v. Mo. Comm'n on Hum. Rts.*, 618 S.W.3d 640, 648 n.10 (Mo. App. W.D. 2020)).

[7] Like the "Preservations" sections, Kensinger included "Standard of Review" portions within her arguments that were mainly used as extensions of her arguments.

Finally, Rule 84.04(e) requires that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." Kensinger's arguments not only include facts with no citation to the record on appeal, they also contain facts that are absent from the record on appeal. For the same reasoning discussed with the statement of facts, "[t]his requirement is mandatory and essential for the effective functioning of appellate courts[.]" *Adams*, 459 S.W.3d at 920 (citation omitted). "It is not our duty to supplement the deficient brief with our own research, thus noncompliance with Rule 84.04(e) justifies dismissal." *Burgan*, 618 S.W.3d at 716 (citation omitted).

In sum, any of Kensinger's briefing errors are sufficient on their own to support dismissal. Accordingly, we must dismiss.[8]

---

[8] Even if we consider Kensinger's appeal *ex gratia*, her arguments fail. Kensinger's only point discussing the denial of her petition to intervene is Point XVIII, which states, "The [probate] court erred when it denied [Pursley] to Intervene and [Kensinger]." However, her argument for Point XVIII only discusses Pursley's intervention denial, omitting any discussion or analysis concerning any interest *she* has that should have allowed her to intervene in the underlying proceedings. "If a point relied on is not developed in the argument portion of the brief by showing how the principles of law and facts of the case interact, it is deemed *abandoned*." *Lamy*, 649 S.W.3d at 336 (emphasis added) (citing *In re S.H.P.*, 638 S.W.3d 524, 533 (Mo. App. W.D. 2021)). Having abandoned her claim that the denial of *her* petition to intervene was error, Kensinger's status as a non-party to the underlying action remains in place. Consequently, her remaining points on appeal would be denied as moot, because as a non-party to the underlying action, she lacks standing to appeal from the probate court's judgment. *See In re A.A.M. by J.D.S.*, 522 S.W.3d 351, 359-60 (Mo. App. E.D. 2017).

14

## Conclusion

For the foregoing reasons, Kensinger's appeal is dismissed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.