

# Missouri Court of Appeals
## Southern District

In Division

DAVID RAYMOND CADY, ET AL,      )
                                            )
      Appellants,               )         No. SD38100
                                            )
v.                                    )        **Filed: July 17, 2024**
                                            )
CITY OF MALDEN, MISSOURI,     )
A MUNICIPAL CORPORATION, ET AL, )
                                            )
      Respondents.            )

APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable William L. Syler, Jr., Judge

**<u>AFFIRMED</u>**

In one point on appeal, David Raymond Cady, individually and by and through his next friend Nichole Star Jackson, and Dylan Mark Cady, individually and by and through his next friend Nichole Star Jackson (collectively "Appellants"), challenge the trial court's grant of Shawn Simpson and Officer Steve Chamberlain's (collectively "Respondents") motion to dismiss on the basis of official immunity. Finding no merit to Appellants' point, we deny the same and affirm the judgment of the trial court.

## Facts and Procedural History

On June 21, 2017, at approximately 3:35 a.m., David Leroy Cady ("Cady") was taken into custody and housed at the Malden City Jail.  At the time of the incident, Shawn Simpson was a dispatcher with the City of Malden Police Department.  Simpson checked on Cady by looking at video screens, which displayed footage from inside Cady's jail cell via security cameras, at 6:10 a.m., 7:00 a.m., and 8:00 a.m.  At the time of the incident, Officer Steve Chamberlain was a sergeant with the City of Malden Police Department.  At approximately 8:28 a.m., Chamberlain discovered Cady had committed suicide by hanging himself with a blanket.  Chamberlain attempted CPR on Cady until first responders arrived.  Cady was later pronounced dead.

As relevant here, Appellants filed suit in the Circuit Court of Dunklin County against Respondents for wrongful death and negligent supervision.  Respondents filed a motion to dismiss Appellants' petition on the basis of official immunity, which the trial court granted.  This appeal followed.

## Standard of Review

> A motion to dismiss for failure to state a claim tests whether the petition adequately alleged facts stating a recognized cause of action or one that may be adopted.  When considering whether a petition fails to state a claim upon which relief can be granted, this Court must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader.

*State ex rel. Tyler Techs., Inc. v. Chamberlain*, 679 S.W.3d 474, 477 (Mo. banc 2023) (internal citations and quotations omitted).  Even in *de novo* review, we will affirm on any basis supported by the record, and appellant bears the

2

burden of demonstrating that reversal is required. ***TracFone Wireless, Inc. v. City of Springfield***, 557 S.W.3d 439, 444-45 (Mo. App. S.D. 2018).

**Analysis[1]**

Appellants argue the trial court erred in granting Respondents' motion to dismiss on the basis of their official immunity because the duties owed by these individuals to Cady were ministerial.

The official immunity doctrine "protects public officials sued in their individual capacities from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." ***State ex rel. Barron v. Beger***, 655 S.W.3d 356, 360 (Mo. banc 2022) (internal quotations and citation omitted). As relevant here, a narrow exception to this doctrine is when a public official fails to perform a ministerial duty required of the official by law. ***State ex rel. Love v. Cunningham***, 689 S.W.3d 489, 495 (Mo. banc 2024). In that situation, the public official may be held personally liable for the damages caused by his or her negligence. ***Barron***, 655 S.W.3d at 360.

A ministerial act is clerical, and a ministerial duty "compels a task of such a routine and mundane nature that it is likely to be delegated to subordinate officials." ***Cunningham***, 689 S.W.3d at 495 (internal quotations and citation omitted).

> A duty is considered ministerial when the act is to be performed upon a given state of facts in a prescribed manner in obedience to

[1] Respondents argue this appeal should be dismissed due to Appellants' Rule 84.04 violations. However, as we are able to treat Appellants' arguments without resorting to advocacy on their behalf, and our disposition does not prejudice Respondents, we exercise our discretion to review Appellants' arguments *ex gratia*.

the mandate of legal authority, and without regard to the public official's judgment or opinion concerning the propriety or impropriety of the act to be performed. The central inquiry is not whether the law confers a duty to act but, instead, whether the public official retains **any** discretion in completing an act. The test for whether a task is 'ministerial' for purposes of a writ of mandamus is precisely the same as the test for whether that task is 'ministerial' such that official immunity will not apply. If a writ of mandamus would not have been proper to compel an official to perform an act, it should follow that official immunity protects an official from liability for injuries arising from the performance of that act. When even slight discretion exists, the duty is not ministerial.

*Id*. at 495-96 (internal quotations and citations omitted) (emphasis in original).

As relevant here, Appellants' argument on appeal centers on two actions they claim were ministerial: "(1) [Chamberlain] walking the prisoner to a jail cell and closing the door[,] and (2) [Simpson] monitoring the prisoner on the video screen."

Appellants' arguments as to Chamberlain are unavailing for multiple reasons. First, Appellants' Second Amended Petition did not (as they do presently on appeal) allege Chamberlain personally walked Cady to his cell or closed Cady's cell door. Second, there is no allegation or reasonable available inference from the facts alleged in the Second Amended Petition that walking Cady to his cell or closing the cell door was "to be performed upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority[.]" *See* **Barron**, 655 S.W.3d at 360. Because Appellants' pleading is insufficient to support the ministerial exception to official immunity as to Chamberlain, Appellants fail to demonstrate the trial court erred in dismissing their claims thereon.

4

Appellants' arguments as to Simpson's monitoring of Cady on video screens are likewise unavailing. Appellants' brief suggests "the routine act of . . . watching [a] prisoner on a video screen does not factually have alternatives. . . . Indeed, [it was] ministerial in nature." However, this assertion is belied by the allegations in Appellants' Second Amended Petition, to wit:

- Simpson "apparently checked on [Cady] by looking at video screens displaying footage from security cameras at approximately 6:10 a.m., 7:00 a.m., and 8:00 a.m.";

- Simpson knew or should have known there was "defective lighting" within the cell area where Cady committed suicide;

- Simpson "was required to monitor [Cady] through video means, and . . . his failure to fix the light or, in the alternative monitor [Cady] more often and more aggressively constituted a breach of duty."

These allegations do not describe an "either/or" decision of a clerical nature. Rather, they reflect discretionary decision making, such as capable of being performed in different manners by different individuals. *See Cunningham*, 689 S.W.3d at 495-96. Moreover, Appellants do not assert that "a writ of mandamus would have been proper to compel" Simpson to monitor the security cameras in some purportedly superior manner, nor would a writ of mandamus have been appropriate to compel such conduct. *See id*. As the Supreme Court of Missouri recently pointed out in *State ex rel. Morales v. Alessi*, 679 S.W.3d 467 (Mo. banc 2023): "[m]inisterial tasks are either completed as required by law or not. Tasks that can be completed partially or through different methods are not ministerial." *Id*. at 473.

For all of these reasons, Appellants fail to demonstrate reversible error, and their point is denied.

5

## Conclusion

The judgment of the trial court is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS